EMIL S. HEINEMAN ET AL. v. SELIGMAN SCHLOSS ET AL., GARNISHEES OF RACHAEL SOLOMON.

*Garnishment—Fraudulent conveyances—Constitutional law.*

Act No. 244, Laws of 1889, amendatory of How. Stat. §§ 8059, 8091, which extends their operation so as to enable creditors to reach the *value* of property of the principal defendant received and held by the garnishee under a conveyance or title void as to creditors, and which he has disposed of, applies to garnishment proceedings instituted *after* the act took effect, although the goods were received and disposed of *prior* to that date.

Error to Wayne.   (Brevoort, J.)   Argued October 23, 1890.   Decided November 14, 1890.

| | |
|---|---|
| 83 | 153 |
| 104 | 478 |

| | |
|---|---|
| 83 | 153 |
| 117 | 690 |

| | |
|---|---|
| 83 | 153 |
| 118 | 445 |
| 119 | 546 |
| f119 | 549 |

| | |
|---|---|
| 83 | 153 |
| 136 | 586 |
| 136 | 587 |

| | |
|---|---|
| 83 | 153 |
| j155 | 711 |

| | |
|---|---|
| 83 | 153 |
| 158 | 348 |

Garnishment proceedings. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Dickinson, Thurber & Stevenson,* for appellants.
*Julian G. Dickinson,* for garnishee defendants.

CAHILL, J. The plaintiffs, having recovered a judgment against Rachael Solomon, the principal defendant, commenced this suit in garnishment against the defendants, on October 11, 1889. The facts necessary to an understanding of the case are as follows:

Rachael Solomon was engaged in the mercantile business, having stores in Escanaba, Gladstone, and Oscoda, in this State. She purchased, in the summer and fall of 1888, on credit, goods amounting to $50,000, and upwards, which were shipped to her various stores. Her husband, Selig Solomon, was the general manager of her business. In November, 1888, Selig Solomon went to Detroit, and had an interview with Schloss Bros. & Co., the garnishee defendants, the result of which was that a chattel mortgage was prepared which, on its face, undertook to secure the payment of $8,000 of indebtedness to Seligman and Emanuel Schloss, and $5,825.17 to Schloss Bros. & Co. This mortgage was afterwards sent to Au Sable, and was signed by Mrs. Solomon, and filed on the evening of November 13, 1888, in the town-clerk's office at Au Sable. Subsequently, Schloss Bros. & Co. foreclosed their chattel mortgage, and, under their foreclosure proceedings, seized all the merchandise of Rachael Solomon at Gladstone and Escanaba, and sold all the goods that they found pursuant to the power of sale in the chattel mortgage.

This writ of garnishment issued October 11, 1889. The disclosure of the garnishees, filed November 5, 1889, showed that they had not jointly and severally any property, money, etc., in their possession, custody, or control,

belonging to the said Rachael Solomon, and stated that another writ of garnishment was pending between the same parties, issued in said cause on February 7, 1889. This fact is not important, as no point is made upon it by either party. An examination of the garnishees before a commissioner was required and submitted to, and demand was made by plaintiffs for statutory issue and trial by jury. The trial occurred in May, 1890, in the court below. Upon the trial, the plaintiffs introduced evidence tending to show that the chattel mortgage executed by Rachael Solomon to the garnishee defendants was fraudulent, and was intended to hinder, delay, and defraud the creditors of Rachael Solomon; that the garnishee defendants had taken the property covered by the chattel mortgage, to the value of several thousand dollars, into their possession, and had sold the same, and had received the proceeds of such sales in money, amounting to upwards of $9,000; and the plaintiffs claimed the right in this suit to recover the money so in the hands of the garnishee defendants, as money had and received by them for the plaintiffs' use.

When the plaintiffs had rested their case counsel for garnishees moved the court to direct a verdict for the defendants, on the ground that when the garnishment proceedings were commenced, October 11, 1889, the garnishees had not in their possession, custody, or control any property, money, or effects of Rachael Solomon, the principal defendant; that the property which had been taken in November, 1888, under the chattel mortgage was the only property in controversy, and that property had all been sold for cash, under the foreclosure of the mortgage, in November and December, 1888; and that plaintiffs could not recover in this action the value of the property sold under the chattel mortgage. The court directed

the jury as requested, and upon this instruction the only question in the case arises.

It is not seriously contended but that, under the statute as it existed prior to 1889, the instruction of the circuit judge was in accordance with the rule laid down by the former decisions of this Court. *Fearey v. Cummings,* 41 Mich. 376; *Folkerts v. Standish,* 55 Id. 463. But it is claimed that under Act No. 244, Laws of 1889 (3 How. Stat. pp. 3753, 3757), the plaintiffs had a right to recover the value of the goods that had been fraudulently received by the garnishees and converted into money. The act referred to amended How. Stat. §§ 8059, 8091, and, as amended, they read as follows:

"SEC. 8059. From the time of the service of such writ, the garnishee shall be liable to the plaintiff to the amount of property, money, goods, chattels, and effects under his control, belonging to the principal defendant, or of any debts due, or to become due, from such garnishee to the principal defendant, or of any judgment or decree in favor of the latter against the former, and for all property, personal and real, money, goods, evidences of debt, or effects of the principal defendant which such garnishee defendant holds by conveyance, transfer, or title that is void as to creditors of the principal defendant, and for the value of all property, personal and real, money, goods, chattels, evidences of debt or effects of the principal defendant which such garnishee defendant received or held by a conveyance, transfer, or title that was void as to creditors of the principal defendant; and such garnishee defendant shall also be liable on any contingent right or claim against him in favor of the principal defendant."

"SEC. 8091. If any person garnished shall have in his possession any of the property aforesaid of the principal defendant which he holds by a conveyance or title that is void as to creditors of the defendant, or if any person garnished shall have received and disposed of any of the property aforesaid of the principal defendant which is held by a conveyance or title that is void as to creditors of the defendant, he may be adjudged liable, as garnishee, on account of such property, and for the value thereof,

although the principal defendant could not have maintained an action therefor against him."

It is insisted on behalf of the defendants that to apply the statute of 1889 to this action would be to give it retroactive effect; that there is nothing upon the face of the act indicating that it was intended to have such effect; and that the rule is that all statutes are prospective in their operation, except where a contrary intention is clearly evidenced by the statute itself. The rule contended for by the defendants' counsel is correct, but it does not apply to this case. That rule could have been appealed to in defense of the original garnishee proceeding that was commenced February 7, 1889, because that suit was commenced before the act of 1889 had taken effect. But the garnishee law is purely a remedial statute. It gives no rights and creates no liabilities. Everything that can be accomplished by means of it could have been accomplished by other means if the garnishee law had never been passed. Counsel for defendants says:

"Under the mortgage, defendants' sale of the property was valid under the law as far as plaintiffs are concerned. Could the Legislature, by the amendatory enactment, give the plaintiffs a claim upon such property or its value, and make defendants liable therefor?"

The trouble with this inquiry is that it does not correctly state the situation of the defendants with reference to this property. If the mortgage under which they took the property was fraudulent, the mortgagees obtained no rights under it, and could not lawfully exercise any rights, as mortgagees, over the property under it. The funds received by them on a sale of the property remained in their hands as equitable assets for the benefit of the creditors of the mortgagor. Under the statute, as it existed prior to the amendment of 1889, this fund could not be reached by garnishment, but it was liable to be reached

in equity.    The effect of the amendment is not to enlarge the liability of the defendants, but to render them liable at law instead of in equity, as formerly.    Treating the garnishee statute, then, as one affecting the *remedy* merely, it is not giving the statute of 1889 retroactive effect to apply it to suits commenced after the act took effect, simply because the transaction upon which the suit is based took place before that time.

In determining whether a statute is retroactive in its effect, regard must be paid to the purpose of it.    If the statute is one that confers new rights or creates new liabilities, then to apply it to past transactions, so that new rights and liabilities spring up where none existed when such transactions occurred, is to give it retroactive effect; but when the statute is one giving a new or different remedy for a pre-existing right or liability, then it is not retroactive, as applied to suits commenced after the act has taken effect, because past transactions are involved in such suit.    In the latter case the statute does not relate to or attempt to characterize transactions, but gives a certain remedy therefor, and the remedy may be pursued at once after the act takes effect.

The judgment is reversed, and a new trial granted.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. LONG, J., did not sit.