SLOMAN *v.* GOEBEL BREWING CO.

TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

> Refusal of requested instructions is not error where the court has properly stated the rules of law applicable to the case, and fairly submitted the questions involved.

Error to Wayne; Frazer, J. Submitted October 6, 1898. Decided November 1, 1898.

Garnishment proceedings by Morris H. Sloman against the Goebel Brewing Company, as garnishee of Louis J. Ouellette. From a judgment for defendant, plaintiff brings error. Affirmed.

*Sloman & Groesbeck* (*Emanuel T. Berger*, of counsel), for appellant.

*Ralph Phelps, Jr.* (*William B. Jackson*, of counsel), for appellee.

MOORE, J. The plaintiff had a claim against Louis J. Ouellette, which he sued, and upon which he afterwards recovered judgment. He also garnished the Goebel Brewing Company, and from a judgment in favor of defendant he has appealed.

In 1895, Ouellette was engaged in the saloon business in Detroit. During a portion of June and July, 1895, he had a bar and restaurant at the Detroit Driving Club during the races. The garnishee defendant paid for him a license fee of $500, and became his surety to the driving club to the amount of $5,000 for the payment of the rent, which was $750 a day. The brewing company also furnished Ouellette with a large amount of beer, and others furnished other supplies. By agreement of the parties, one Flynn, who was paid by Ouellette, received the money

resulting from the business, and paid the rent, and handed the balance of the receipts to the attorney of the brewing company. During June plaintiff consigned to Ouellette about $2,400 worth of wines and liquors. July 9th, Mr. Ouellette was indebted to the Goebel Brewing Company, to Harrington & Ouellette, and to Barclay Smith. He gave to them a note for $2,000, due August 1st, and to secure its payment executed a mortgage on all his stock and property at the driving club, except the goods bought of the plaintiff, and, by consent of the mortgagor and mortgagees, Flynn managed the business, and continued to do so until the races ended. The plaintiff found and took possession of about one-half of the goods consigned by him, but could not find $1,100 or $1,200 worth of them. July 25th he sued out a writ of attachment, and levied upon the stock. Before the stock was removed, and on the same day it was levied upon, it was agreed verbally that the attachment should be released upon the payment of $150, which was paid, and that on the following morning some arrangement should be made at the office of the attorney of the brewing company as to the disposition of the balance of the claim. During the night Ouellette made a bill of sale of all the property to the Goebel Brewing Company, and when the parties met at the office of the attorney, according to the agreement made the day before, the brewing company claimed to be in possession of the property by virtue of the bill of sale. On the same day suit was brought by the plaintiff, and a garnishee process was served upon the brewing company, which made a disclosure denying it had any property, money, or effects, or was indebted to Ouellette. An issue was framed, and tried by a jury, who found in favor of defendant.

It is claimed the trial judge erred in refusing to give plaintiff's requests. The court endeavored to instruct the jury, in a general charge, as to the law applicable to the case, and refused all of the plaintiff's requests. His charge was quite full, and properly stated the law in relation to

the matters to which his attention was directed by the requests to charge. It will be necessary to consider but two requests.

The judge was asked to charge the jury:

"On the other branch of the case, I charge you that, whether the Goebel Brewing Company received or obtained property under the circumstances which I have stated or not, if you find that, at the time of the service of the writ of garnishment in this case upon it, it was in possession of goods, credits, chattels, moneys, or effects belonging to the defendant Ouellette, upon which it had no superior lien or claim, or at that time was indebted to Ouellette, then the plaintiff is entitled to recover the amount and value thereof."

In his charge he failed to say anything to the jury about the liability of the brewing company in case it was indebted to Ouellette. Was this error? The affidavit for the writ was based, not only upon the possession of money and property, but also upon the indebtedness of the brewing company to Ouellette. As already stated, the disclosure made by the company denied it had any money or property belonging to Ouellette, or was indebted to him. The record shows that when the chattel mortgage was given, July 9th, Ouellette was indebted to the brewing company in a large amount, and it also shows he was indebted July 25th, when the attachment was released. There was nothing said in the progress of the trial, by counsel or witnesses, from which it would be inferred there was any claim of liability except for goods, chattels, moneys, or effects which came into the hands of the brewing company under the proceedings already stated, and this will doubtless account for the court not having more to say in his charge in relation to any indebtedness of the brewing company.

The court was asked to charge the jury as follows:

"The plaintiff claims in this case to recover upon two grounds: *First*, he claims that, at the time of the service of the writ of garnishment upon the defendant, the Goebel Brewing Company had in its possession, custody, or

control goods and moneys, the property of the principal defendant, Louis J. Ouellette, which he is entitled to have applied upon his claim and judgment against the principal defendant, Louis J. Ouellette; *second,* that, at the time of the service of the writ of garnishment, the defendant the Goebel Brewing Company had in its possession property of the principal defendant, Louis J. Ouellette, which they held by conveyance or title that was void as to the creditors of the defendant. If the plaintiff shall have satisfied you, by a fair preponderance of evidence, of either of these two propositions, he is entitled to recover in this action.

" It is the law of this State that if any person garnished (and that applies to a corporation as well as an individual) shall have in his possession any property, goods, chattels, credits, moneys, or effects of the principal defendant which he holds by conveyance or title that is void as to the creditors of the principal defendant, or if any person garnished shall have received and disposed of such property of the principal defendant which is held by conveyance or title that is void as to the creditors of the defendant, he may be adjudged liable as garnishee on account of such property, and for the value thereof, although the principal defendant could not have maintained an action therefor against him."

Counsel cite 3 How. Stat. § 8059; *Heineman* v. *Schloss,* 83 Mich. 156; *Gumberg* v. *Treusch,* 103 Mich. 543.

The court did not give these requests in the language of the counsel, but he did charge as follows:

"It is claimed on the part of the plaintiff in this suit that this bill of sale was not a *bona fide* bill of sale; that is, that it was fraudulent, and therefore void. I charge you that, in order to make this bill of sale fraudulent or void in this case, it is necessary that it should be executed with an intent to hinder, delay, or defraud creditors. If it was executed for the purpose of securing *bona fide* indebtedness, it would not be fraudulent, no matter if it did in effect hinder or delay or defraud creditors; but if executed, not to secure a *bona fide* indebtedness, but for the purpose of hindering, delaying, and defrauding creditors, it would be void in law, and no title would pass under it by virtue of the bill of sale, if you should find it to be fraudulent,—that is, if it was not executed for the purpose of paying a *bona fide* indebtedness owed by Mr. Ouellette to the Goebel Brewing Company."

It was the claim of the brewing company that it acted *bona fide;* that the bill of sale was made to secure payment of an actual indebtedness; that it was not fraudulent; and the jury found in favor of its claim. We think the court properly stated the rule of law, and fairly submitted the question of the *bona fides* of the transaction.

The other questions have been considered, but will not be discussed.

Judgment is affirmed.

The other Justices concurred.