ROOKLEDGE *v.* GARWOOD.

1. WORKMEN'S COMPENSATION—PURPOSE OF ACT.

The workmen's compensation act is a remedial one and was enacted primarily for the benefit of the man who works in the pursuits subject to its provisions (CL 1948, § 411.1 *et seq.*).

2. SAME—COMMON-LAW REMEDIES—DEFENSES.

The workmen's compensation act replaced the common-law remedy for the compensation of workmen for accidental injuries received in the course of their employment by the taking away and removal of certain defenses in that class of cases (CL 1948, § 411.1 *et seq.*).

3. STATUTES—REMEDIAL STATUTES.

A statute or amendment which is designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good will generally be regarded as remedial in nature.

4. SAME—REMEDIAL STATUTE—SUBSTANTIVE RIGHTS.

A "remedial statute," as distinguished from one conferring a substantive right, applies to acts relating to the remedy, to rules of practice or courses of procedure, or to the means employed to enforce a right or redress an injury.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 26.
[2] 58 Am Jur, Workmen's Compensation § 32.
[3, 4] 50 Am Jur, Statutes § 15.
[3, 6] 58 Am Jur, Workmen's Compensation § 33.
[5, 7, 12, 20] 58 Am Jur, Workmen's Compensation §§ 60, 66.
[5, 7, 12, 20] Workmen's compensation: Rights and remedies where employee was injured by third person's negligence. 19 ALR 766; 27 ALR 493; 37 ALR 838; 67 ALR 249; 88 ALR 665; 106 ALR 1040.
[6] 50 Am Jur, Statutes §§ 330, 482.
[8–10] 50 Am Jur, Statutes § 552.
[11] 50 Am Jur, Statutes § 224.
[13, 14] 11 Am Jur, Constitutional Law § 370.
[15, 19] 58 Am Jur, Workmen's Compensation § 18.
[16] 11 Am Jur, Constitutional Law § 378.
[17] 11 Am Jur, Constitutional Law § 372.
[18] 11 Am Jur, Constitutional Law § 373.
[21] 14 Am Jur, Costs § 91.

5. WORKMEN'S COMPENSATION—THIRD-PARTY TORT-FEASORS—ELEC-
   TION OF REMEDIES—AMENDMENT—ADDITIONAL RECOVERY.
   The amendment of the workmen's compensation act whereby the
   provision requiring an injured employee and his dependents
   to make an election as to whether they would seek workmen's
   compensation benefits or recovery from the third-party tort-
   feasor was replaced by provision permitting injured employee
   to recover workmen's compensation and additional recovery
   from the third-party tort-feasor subject to rights of subroga-
   tion by the employer, was intended to remedy an existing in-
   justice (CL 1948, § 413.15, as amended by PA 1952, No
   155).

6. STATUTES—RETROACTIVE EFFECT.
   An intent that a remedial law should have a retroactive effect
   should not be altered by judicial construction, where it ap-
   pears from legislative journals that the legislature had re-
   jected an amendment which would have restricted the retro-
   active operation of the statute (CL 1948, § 413.15, as amended
   by PA 1952, No 155).

7. WORKMEN'S COMPENSATION—THIRD-PARTY TORT-FEASORS—ELEC-
   TION OF REMEDIES—AMENDMENT—RETROACTIVE EFFECT.
   Act amending the workmen's compensation act so as to replace
   provision requiring employee injured by a third-party tort-
   feasor to make an election of remedy as between taking work-
   men's compensation and an action against the tort-feasor with
   a provision permitting employee to recover workmen's com-
   pensation and an additional sum from the tort-feasor subject
   to rights of subrogation by the employer was not restricted
   from having a retroactive effect in view of senate's rejection
   of amendment barring application only to those who had not
   theretofore elected a remedy (CL 1948, § 413.15, as amended
   by PA 1952, No 155).

8. STATUTES—AMENDMENT—IMPLIED REPEAL.
   An amendatory act has a repealing force, by the mechanics of
   legislation, different from that of an independent statute;
   repugnancy not being an essential element of the implied
   repeal of specifically amended sections.

9. SAME—EFFECT OF AMENDMENT.
   The original or older form of a section of a statute ceases
   to exist upon amendment and the section, as amended, super-
   sedes it and becomes a part of the statute for all intents
   and purposes as if the amendment had always been there.

10. Same—Amendment—Repeal—Matters Carried Over.

The effect of an amendment to the specific section of an act is to strike the old section from the law, in the absence of a saving clause, obliterate it entirely and substitute the new section in its place and while provisions carried over are deemed continued rather than repealed and enacted anew, they have their force from the new act and not the former.

11. Same—Intent—Amendment—Construction.

A court may only ascertain the legal intent of the legislature in passing an amendatory act by the language used in the statute by applying and expounding it conformably to the settled and well-known rules of construction and the result may or may not be conformable to the actual intent of those who passed the statute.

12. Workmen's Compensation—Election of Remedies—Third-Party Tort-feasor.

The elimination of the requirement in the workmen's compensation act that an injured employee make an election of remedies as between recovery of workmen's compensation and recovery of damages against a third-party tort-feasor and granting him the right to recover both, subject to right of subrogation in the employer, does not create a new cause of action against the defendant, thereby affecting a vested or substantive right, nor does it impose a new liability upon the defendant where none existed before (CL 1948, § 413.15, as amended by PA 1952, No 155).

13. Constitutional Law—Words and Phrases—Vested Right.

A "vested right," as used in relation to constitutional guaranties, is a vested interest of which it is right and equitable that the government should recognize and protect and of which the individual could not be deprived arbitrarily without injustice.

14. Same—Vested Rights—Burden of Proof.

A party who avers that a statute has invested him with a right against another in the nature of a personal charge, which a repeal of the statute before judgment cannot impair takes it upon himself to show that the right was vitalized by some personal equity underlying the law, or arising upon it.

15. Workmen's Compensation—Third-Party Tort-feasor—Election of Remedies—Vested Rights.

A third-party tort-feasor who injures an employee of an employer subject to the workmen's compensation act did not have·

a vested right in the statutory defense of election of remedies accorded him under the act prior to amendment (CL 1948, § 413.15, as amended by PA 1952, No 155).

16. CONSTITUTIONAL LAW—STATUTORY DEFENSES.

A statutory defense, though a valuable right, is not a vested right and the holder thereof may be deprived of it after the cause of action to which it may be interposed has arisen.

17. SAME—STATUTES—VESTED RIGHTS.

There can be no vested right in an existing law which precludes its change or repeal.

18. SAME—RESTORATION OF LOST REMEDY.

No right is destroyed when the law restores a remedy which had been lost.

19. WORKMEN'S COMPENSATION—ELECTION OF REMEDIES—RESTORATION OF LOST REMEDY.

The legislature had the authority to revoke a third-party tortfeasor's defense of election of remedies by restoring to an injured employee his right to sue for damages which he lost upon acceptance of workmen's compensation (CL 1948, § 413.15, as amended by PA 1952, No 155).

20. SAME—ELECTION OF REMEDIES—AMENDMENT—CONSTRUCTION OF STATUTES—THIRD-PARTY TORT-FEASOR.

The amendment of the workmen's compensation act whereby the procedural defense of election of remedies was limited, which amendment became effective after defendant tort-feasor had injured an employee of an employer subject to the act for the injury involved, created no new cause of action and applied so as to permit recovery by the injured employee against the tort-feasor after having received workmen's compensation, all subject to right of subrogation by the employer and his workmen's compensation insurance carrier (CL 1948, § 413.15, as amended by PA 1952, No 155).

21. COSTS—CONSTRUCTION OF STATUTE.

No costs are allowed on appeal in action by injured employee who had accepted workmen's compensation to recover damages from the third-party tort-feasor, where the construction of an amendatory statute is involved (CL 1948, § 413.15, as amended by PA 1952, No 155).

Appeal from Muskegon; McDonald (Archie D.), J., presiding. Submitted June 10, 1954. (Docket

No. 38, Calendar No. 46,083.) Decided September 8, 1954.

Case by Olen B. Rookledge, individually, and Myron Fenner, doing business as Fenner Crane & Truck Service, as subrogee for the use and benefit of Michigan Mutual Liability Company, against Evan Garwood for personal injuries when struck by defendant's automobile. Dismissed as to plaintiff Rookledge, who appeals. Reversed and remanded.

*Street & Sorensen* (*Harold M. Street,* of counsel), for plaintiff.

*Lou L. Landman,* for defendant.

BUSHNELL, J. This matter involves the construction of a recent amendment to section 15, part 3, of the workmen's compensation act, being CL 1948, § 413.15 (Stat Ann 1950 Rev § 17.189). Prior to its amendment the act in effect at the time the cause of action accrued (October 22, 1951) provided:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

Under the act, as it then read, plaintiff Rookledge would have been barred from proceeding against the defendant tort-feasor, Evan Garwood, by reason of his election to take compensation under the statute.

At the time of his injury Rookledge was a truck driver in the employ of plaintiff Myron Fenner, doing business as Fenner Crane & Truck Service. While walking on US-131, a paved highway, about 2 miles north of the village of Rockford, Michigan, for the purpose of going to lunch at a restaurant, he was struck by a car driven by defendant Garwood. The injury was regarded as arising out of and in the course of his employment, and Rookledge was subsequently paid a total of $2,459.30 in compensation and for medical benefits, in accordance with the provisions of the workmen's compensation act (CL 1948, § 411.1 *et seq.* [Stat Ann 1950 Rev § 17.141 *et seq.*]).

On June 10, 1953, Rookledge, individually, and Fenner as subrogee, for the use and benefit of Michigan Mutual Liability Company, its compensation insurance carrier, brought an action at law against Garwood to recover the sum expended for compensation and medical expenses. Rookledge, in addition, claimed $12,000 damages for his personal injury. Defendant in his answer sought dismissal of the action on 2 theories, which may be summarized as follows:

(1) That the plaintiffs did not state a cause of action entitling them to recover in that plaintiff Rookledge was guilty of contributory negligence as a matter of law.

(2) Plaintiff Rookledge is barred from prosecuting this action after having elected to accept compensation payments under the workmen's compensation act.

The circuit judge held that, although plaintiffs' declaration "set up a claim on the theory of subsequent or discovered negligence," plaintiff Rookledge could not proceed against the defendant because of his election to accept benefits under the compensation act.

At the time the instant action was begun, PA 1952, No 155 (CLS 1952, § 413.15, Stat Ann 1953 Cum Supp § 17.189), had become effective. This act replaced the former act, hereinbefore quoted, and provided that:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address, the workmen's compensation commission, the injured employee, or in the event of his death, his known dependents, or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit.

"Prior to the entry of judgment, either the employer or his insurance carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"Such settlement and release by the employee shall not be a bar to action by the employer or its

compensation insurance carrier to proceed against said third party for any interest or claim it might have.

"In the event the injured employee or his dependents or personal representative shall settle their claim for injury or death, or commence proceeding thereon against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits.

"Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery.

"Compensation benefits referred to in this section shall in each instance include but not be limited to all expenses incurred under sections 4 and 8 of part 2 of this act, being sections 412.4 and 412.8 of the Compiled Laws of 1948."*

---

* See CLS 1952, §§ 412.4, 412.8 (Stat Ann 1950 Rev § 17.154, Stat Ann 1953 Cum Supp § 17.158).—REPORTER.

The trial judge stated the respective contentions of the parties as follows:

"It is defendant's contention that in view of the fact that the amendment was not in effect at the time of the accident, such amendment giving the plaintiff the right to bring suit against the defendant even though plaintiff elected to come in under the compensation act, that the plaintiff cannot follow both remedies. It is defendant's contention that the statute gave to the defendant a substantive right, and that the statute is not retroactive.

"Plaintiff contends that the statute relates only to a remedial right, and does apply, and that therefore plaintiff has both rights."

Appellants' argument raises 3 questions, *i.e.*:

(1) Is the amending act, PA 1952, No 155, remedial in nature?

(2) Does the amendment impair vested or substantive rights?

(3) Does the language of the act indicate an intent that the act apply prospectively only?

In passing upon the nature of the workmen's compensation act, this Court said in *City of Grand Rapids* v. *Crocker,* 219 Mich 178, 189:

"The statute is a remedial one, enacted primarily for the benefit of the man who works in the pursuits subject to its provisions."

And in *Johns* v. *Wisconsin Land & Lumber Co.,* 268 Mich 675, 680, the writer of this opinion, speaking for a unanimous Court, said:

" 'The paramount object has been for the enactment of what has been claimed to be more just and humane laws to take the place of the common-law remedy for the compensation of workmen for accidental injuries received in the course of their employment, by the taking away and removal of certain defenses in that class of cases.' " *Adams* v. *Acme*

*White Lead & Color Works,* 182 Mich 157, 161 (LRA 1916A, 283, Ann Cas 1916D, 689, 6 NCCA 482).

It is generally understood that if a statute or amendment is "designed to correct an existing law, redress an existing grievance, or introduce regulalations conducive to the public good," it will be regarded as remedial in nature. *In re School District No. 6, Paris and Wyoming Townships, Kent County,* 284 Mich 132, 144. The same connotation is given to those statutes or amendments which apply to procedural matters rather than to substantive rights. The definitive rule in this respect, found in 50 Am Jur, pp 33, 34, Statutes, § 15, is:

"Legislation which has been regarded as remedial in its nature includes statutes which abridge superfluities of former laws, remedying defects therein, or mischiefs thereof implying an intention to reform or extend existing rights, and having for their purpose the promotion of justice and the advancement of public welfare and of important and beneficial public objects, such as the protection of the health, morals, and safety of society, or of the public generally. Another common use of the term 'remedial statute' is to distinguish it from a statute conferring a substantive right, and to apply it to acts relating to the remedy, to rules of practice or courses of procedure, or to the means employed to enforce a right or redress an injury. It applies to a statute giving a party a remedy where he had none or a different one before."

There can be no doubt that the legislature, in enacting this amendment, intended to remedy an existing injustice. This Court in *Graham* v. *Michigan Motor Freight Lines, Inc.,* 304 Mich 136, noted the injustice existing under the compensation law which at the time required the employee to make an election of remedies, which we characterized as working a hardship solely to the advantage of the third-

party tort-feasor. Our present Chief Justice, with keen insight and speaking for a unanimous Court in that case, said (p 147):

"We believe that under the wording of the Michigan act, we are constrained to hold that plaintiff made an election when she proceeded by bringing suit against the third party tort-feasor. While we are strongly urged to adopt a rule that would be more consonant with the manifest object of the workmen's compensation act and with its more humane and remedial features, we are bound by the provisions of the act. Any change in this section, if desirable, must come from the legislature."

The legislature accordingly rectified this injustice, and we should, because of what we said in the *Graham Case,* accord full import to the present act. At the same time it is not amiss to recognize the wisdom of the legislature in remedying a situation which had become detrimental to the public interest.

The legislature, in adopting the new section 15, completely abolished the prior section and must, therefore, have intended that the amendment to the act would have sufficient retroactive effect to apply to claims which had arisen prior to the enactment. This is indicated by the Senate Journal. During the pendency of the bill, an amendment was proposed to the effect that the act should apply only to employees "as shall not have heretofore elected a remedy." 1 Senate Journal, Regular Session 1952, p 491. This proposal was rejected and the bill became law. The intent thus expressed by legislative action should not be altered by judicial construction.

In *People* v. *Lowell,* 250 Mich 349, we said (pp 354–356, 358):

"An amendatory act has a repealing force, by the mechanics of legislation, different from that of an independent statute. Repugnancy is not the essen-

tial element of implied repeal of specifically amended sections. The rule is:

" 'Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there.' 25 RCL, p 907.  *  *  *

"Nevertheless, the old section is deemed stricken from the law, and the provisions carried over have their force from the new act, not from the former. 1 Lewis' Sutherland Statutory Construction (2d ed), § 237.

"It is plain from the authorities in this State and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely and substitute the new section in its place. This effect is not an arbitrary rule adopted by the courts. It is the natural and logical effect of an amendment 'to read as follows.' It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the legislature.  *  *  *

"Nowhere in the act did the legislature, by words or in the manner provided by any rule of construction, express an intention to save the prosecution of former offenses. On the contrary, both by the natural meaning of the language used and in accordance with acknowledged and long-established rules with which it was presumably familiar, it affirmatively and appropriately expressed an intention to obliterate the amended section. A contrary conclusion is private speculation, not judicial construction.

" 'The result may or may not be conformable to the actual intent of those who passed the latter statute. We can only ascertain the legal intent of the legislature, by the language which they have used, applied and expounded conformably to the settled and well-known rules of construction.' *Commonwealth* v. *Kimball,* 21 Pick (38 Mass) 373."

See, also, *Detroit Club* v. *State of Michigan,* 309 Mich 721. Nor can it be said that the 1952 act created a new cause of action against the defendant, thereby affecting a vested or substantive right, nor does it impose a new liability upon the defendant where none existed before. See *Heineman* v. *Schloss,* 83 Mich 153.

The question of determining what is a vested right is always a source of much difficulty. This is illustrated by our holding in *Wylie* v. *City Commission of Grand Rapids,* 293 Mich 571, where we said at page 587:

"Few questions have troubled the courts more than the problem of what are vested rights. What some courts have considered vested, others have considered inchoate. 44 Yale Law Journal, p 358 (*note*). A few courts have frankly recognized that policy considerations, rather than definitions, are controlling, and have defined a vested right as a right of which the individual could not be deprived without injustice.

" 'In its application as a shield of protection, the term "vested rights" is not used in any narrow or technical sense, or as importing a power of legal control merely, but rather as implying a vested *interest which it is right and equitable that the government should recognize and protect, and of which the individual could not be deprived arbitrarily without injustice.*' 2 Cooley's Constitutional Limitations (8th ed), p 745.

"This language was quoted with approval in *Diamond State Iron Co.* v. *Husbands,* 8 Del Ch 205 (68 A 240).

" 'A "vested right," as that term is used in relation to constitutional guaranties, implies an interest "which it is proper for the State to recognize and protect, and of which the individual could not be deprived arbitrarily without injustice." ' *City of Los Angeles* v. *Oliver,* 102 Cal App 299 (283 P 298).

"See, also, *American States Water Service Co.* v. *Johnson,* 31 Cal App2d 606 (88 P[2d] 770).

" 'When a party    *    *    *    avers that a statute has invested him with a right against another in the nature of a personal charge, which a repeal of the statute before judgment cannot impair, he takes it upon himself to show that the right was vitalized by some personal equity underlying the law, or arising upon it.' *Bay City & East Saginaw R. Co.* v. *Austin,* 21 Mich 390."

In the light of the tests just recited, defendant Garwood did not have a vested right in the statutory defense accorded him under the prior provision of the workmen's compensation act. His right then, as in the *Wylie Case* (p 588) "sprang from the kindness and grace of the legislature. And it is the general rule that that which the legislature gives, it may take away." A statutory defense, though a valuable right, is not a vested right and the holder thereof may be deprived of it after the cause of action to which it may be interposed has arisen.

"There can, in the nature of things, be no vested right in an existing law which precludes its change or repeal." *Harsha* v. *City of Detroit,* 261 Mich 586, 594 (90 ALR 853).

In dealing with the constitutionality of the statute abolishing the statute of limitations the Court said in *Evans Products Co.* v. *State Board of Escheats,* 307 Mich 506, 545, quoting with approval from *Campbell* v. *Holt,* 115 US 620 (6 S Ct 209, 29 L ed 483):

"The authorities we have cited, especially in this court, show that no right is destroyed when the law restores a remedy which had been lost."

Rookledge, under the act as it existed prior to the amendment, lost his right to enforce his remedy for damages against the third-party tort-feasor when he accepted compensation. The legislature had the au-

thority to revoke this defense and restore to plaintiff his remedy for damages. This it saw fit to do. The situation here presented is akin to the one involved in *Foster* v. *Buckner,* 203 F2d 527, 6th Circuit (12 NACCA Law Journal, 217, 218). There, the defendant tort-feasor sought a summary judgment on the ground that plaintiff had made an election by accepting compensation. Judgment was denied with the following statement (p 531):

"A further conclusive answer to this contention is that the Michigan statute which was construed in the *Dinardo Case* [*Dinardo* v. *Consumers Power Co.* (CCA), 181 F2d 104] has now been changed. An amendment was enacted to CL 1948, § 413.15 (Stat Ann 1950 Rev § 17.189), in 1952, PA 1952, No 155, after the instant action was commenced but while it was pending. The former statute required an employee to elect whether to pursue his remedy against the employer for compensation or to seek his common-law remedy against the third party causing the injury. Under the present statute the employee may receive compensation or take proceedings to enforce compensation payments and also sue the third party. The statute provides in substance, that in case of recovery against the third party, after deducting expenses of recovery, the amount of the judgment is to be used first to reimburse the employer or the workmen's compensation insurance carrier for amounts paid or payable under the compensation act to date of recovery and the balance is paid to the insured employee or his dependents. This statute pertains to the remedy and hence applies to the present action. *Judd* v. *Judd,* 125 Mich 228; *Heineman* v. *Schloss,* 83 Mich 153; *Nash* v. *Robinson,* 226 Mich 146; *Detroit Club* v. *State of Michigan,* 309 Mich 721; *Stott* v. *Stott Realty Company,* 288 Mich 35. Since the change in the statute created no new cause of action and the amendment merely limited a procedural defense, the amended statute governs this controversy."

It is argued that *Tarnow* v. *Railway Express Agency,* 331 Mich 558, is directly in point. The *Tarnow Case* is readily distinguishable in that no question of election of remedy was involved and decision there was based solely on the contractual relationship that existed between employee and the defending employer. In determining the question of whether the statutory amendment subsequent to the time of injury defeated the employee's right to further compensation, we held that (p 563) "the law which must control the compensation to be paid is that which was in effect at the time the right to compensation springs into existence." See *Thomas* v. *Continental Motors Corporation,* 315 Mich 27. The *Tarnow Case* has no application to the case at bar.

The order of dismissal is reversed and the cause is remanded with direction to reinstate plaintiff's cause of action for further proceedings in conformity with this opinion. The construction of a statute being involved, no costs will be allowed.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.

DETHMERS, J., concurred in the result.