WOODS v. FORD MOTOR COMPANY.

1. Action—Amendment of Workmen's Compensation Act—Election of Remedies—Retroactive Effect.

The amendment of the workmen's compensation act whereby an injured employee might sue an alleged tort-feasor notwithstanding he had received workmen's compensation is remedial in character, deprives the tort-feasor of the defense of election of remedies that had previously existed under the statute, does not impair vested rights, and has a retroactive effect (CL 1948, § 413.15, as amended by PA 1952, No 155).

2. Same—Statutes—Conditions.

No particular words in a statute are necessary to create a condition to the commencement of an action, but ordinarily conditions are not favored and, where doubt exists, they will not be presumed.

3. Same—Statutes—Conditions—Notice.

Provision of statute requiring the plaintiff in an action, commenced after workmen's compensation had been paid to a workman or his dependents for injuries inflicted upon him by defendant tort-feasor, to give notice to others than the tort-feasor is not construed as the imposition of a condition precedent to the commencement of an action against the tort-feasor (CL 1948, § 413.15, as amended by PA 1952, No 155).

4. Costs—Construction of Statutes.

No costs are allowed on appeal in action by injured workman against alleged tort-feasor, commenced after having received workmen's compensation, a question of statutory construction being involved (CL 1948, § 413.15, as amended by PA 1952, No 155).

References for Points in Headnotes
[1] 50 Am Jur, Statutes § 482.

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 7, 1955. (Docket No. 46, Calendar No. 46,419.)    Decided June 6, 1955.

Case, following award for workmen's compensation, by Arnold V. Woods against Ford Motor Company, a Delaware corporation, and George F. Alger Company, a Michigan corporation, as third party tort-feasors, for damages from injuries in industrial accident.    Motion to dismiss denied.    Defendant Ford Motor Company appeals.    Affirmed.

*Rothe, Marston, Mazey, Sachs & O'Connell* (*Theodore Sachs,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Richard A. Harvey,* of counsel), for defendant.

Carr, C. J.    The facts in this case are not in dispute.    On the 27th of June, 1951, the plaintiff, while in the employ of the Monroe Tool & Manufacturing Company at Monroe, Michigan, sustained a physical injury in the course of and arising out of his employment.    He sought and obtained compensation under the workmen's compensation law of the State.[*]
The present action was instituted June 25, 1954, the plaintiff alleging in his declaration that the injury sustained by him in 1951 was caused by negligence on the part of the defendants.    It is undisputed that prior to the effective date of PA 1952, No 155 (CLS 1952, § 413.15 [Stat Ann 1953 Cum Supp § 17.189]), plaintiff was precluded from maintaining the present action against the alleged tort-feasors because of his election to take compensation under the statute.    The act cited, however, amended part 3, § 15, of the workmen's compensation law in such

_____

[*] PA 1912 (1st Ex Sess), No. 10, as amended (CL 1948, § 411.1 *et seq.* [Stat Ann 1950 Rev § 17.141 *et seq.*]).

manner as to deprive an alleged tort-feasor of the defense indicated. As amended, the section reads, in part, as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address, the workmen's compensation commission, the injured employee, or in the event of his death, his known dependents, or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit."

Other provisions of the amended section relate to the right of the employee, the employer, and the insurance carrier to settle their claims as their interests may appear, and to the application of the damages that may be recovered in the action. In *Rookledge* v. *Garwood,* 340 Mich 444, it was held that the 1952 amendment was remedial in character, operated to deprive an alleged tort-feasor of the defense of

election of remedies that had previously existed under the statute, did not in any way impair vested rights, and was intended by the legislature to have a retroactive effect.  See, also, *Horn* v. *Davis Brothers, Inc.,* 340 Mich 460.

It will be noted that under the provisions above quoted from the amended section a party starting suit thereunder is directed to give notice by registered mail, not less than 30 days before the commencement of the action, to the workmen's compensation commission, the injured employee or his dependents or personal representative or next of kin, the employer, and the workmen's compensation insurance carrier.  It is conceded that in the instant case plaintiff did not give such notices more than 30 days before starting suit.  Apparently he did so on or after June 29, 1954.  It will be noted in this connection that suit was begun 2 days before the period fixed by the statute of limitations elapsed.*  Because of the failure to comply with the statute in giving the notices, defendants filed motions to dismiss, which were denied.  From the order entered, defendant Ford Motor Company has appealed.

On behalf of appellant it is argued that the giving of the notices not less than 30 days before starting suit is a condition precedent to the right to maintain the action in a case in which compensation has been accepted under the workmen's compensation law. However, the amendatory act of 1952, the construction of which is involved here, did not create the right of action that plaintiff is undertaking to invoke.  Rather, as held in *Rookledge* v. *Garwood, supra,* the legislature merely undertook to deprive an alleged tort-feasor of a defense that might have been available to him under the provisions of the statute previously in force.  In other words, we are

---

* CLS 1952, § 609.13 (Stat Ann 1953 Cum Supp § 27.605).

not dealing with a situation in which the legislature has created a right of action contingent on the observance of certain conditions.

Counsel for appellant in their brief have called attention to prior decisions of this Court involving statutory rights of action. Among the cases so cited is *Northrup* v. *City of Jackson*, 273 Mich 20, in which the Court indicated the reasons for upholding provisions of charters and statutes imposing conditions precedent to the bringing of suits against municipalities. It was there said, in part (pp 23, 24):

"A charter provision for presentment of a claim to a municipality as a prerequisite to action against it is in harmony with the long-established policy of our State, as is indicated by similar provisions in old time special statutory charters, in the general village act, CL 1929, § 1534, the fourth class cities act, CL 1929, § 1921, and the highway law, CL 1929, § 4230. Its purpose is to give notice to the whole of the governing body of the municipality and afford all the members an opportunity to investigate and determine to allow, settle or prepare defense to claims. It seems particularly applicable to claims of the character at bar, because the nuisance developed gradually and only plaintiffs knew when the condition had become so obnoxious to them as to suggest the question of money damages. The charter provision is general, covering claims arising out of both contract and tort, and thus avoids the rule that enumeration of specific items impliedly excludes others not enumerated. We see no reason for emasculating the charter by construction in order to exempt a claim peculiarly within its purpose because plaintiffs made an election to ask damages in equity instead of suing at law. Had damages been awarded in lieu of abatement, or had there been no prayer for damages but the court had allowed them in the exercise of its plenary equitable powers, a different question would be presented. We think the charter should be given force according to its language and

purpose and exceptions permitted only upon sound distinctions. See *City of Detroit* v. *Michigan Paving Co.,* 38 Mich 358; *Mead* v. *City of Lansing,* 56 Mich 601; *Springer* v. *City of Detroit,* 102 Mich 300."

In other cases it has been held that notice or demand is required as a condition precedent to court action by virtue of contract provisions. It is significant, however, that in these cases it was the defendant in the case who was entitled to notice. In the case at bar the statute does not direct the giving of notice to the alleged tort-feasor or tort-feasors but, rather, to other parties whose rights may be involved in the proceeding. We are not concerned here whether the failure to give any or all such parties the specified notice may give rise to a remedy for the omission. The issue before us is merely whether, in a case of this nature, an alleged tort-feasor may defeat the action on the ground that the parties specified in the statute were not notified more than 30 days before the bringing of the suit that it would be instituted. Had the legislature intended the result for which appellant contends, we think such intent would have been clearly expressed and not left to mere implication. In 1 CJS, Actions, § 25, p 1066, it is said:

"While no particular words in a statute are necessary to create a condition, it is nevertheless the ordinary rule of interpretation that conditions are not favored and that, where doubt exists, they will not be presumed."

In *Arnold* v. *Village of North Tarrytown,* 137 App Div 68 (122 NYS 92, affirmed, 203 NY 536 [96 NE 1109]), the court distinguished between statutes creating rights of action and imposing conditions precedent to the bringing of suits and statutes relating merely to the enforcement of existing causes of action. In discussing the question, it was said, in part (p 70):

"Here, however, the plaintiff's right to maintain an action exists at common law and was not created by any statute. The statute which the appellant invokes did not create the right, but simply regulated its enforcement. It might have made the time limit a condition precedent, but it did not so provide expressly nor, according to the common rules of interpretation, did it do so by implication. No particular words are necessary to create a condition precedent or a condition subsequent, but it is the ordinary rule of interpretation that conditions are not favored and that, where there is any doubt, they will not be presumed. (*Graves* v. *Det:rling*, 120 NY 447 [24 NE 655].)"

Bearing in mind the purpose of the amendatory act of 1952, we do not think that it may fairly be construed as evidencing a legislative intent to make the giving of the notice therein specified to certain parties, not less than 30 days before bringing action, a condition precedent to the right to bring suit against an alleged tort-feasor. Such conclusion renders it unnecessary to discuss the claim advanced by appellee based on the fact that the statute of limitations may be invoked to bar the prosecution of a further suit against appellant, and the claim of the latter that the requirement as to notice was imposed, in part at least, for the benefit of a possible defendant tort-feasor. Had the legislature intended to make the giving of the prescribed notice, subject to the time limitation specified, a condition precedent to the maintenance of a tort action, it may be assumed that such purpose would have been stated in express language. This was not done, and the omission to so provide must be regarded as conclusive.

The order of the trial court denying the motion to dismiss is affirmed. A question of statutory construction being involved, no costs are allowed.

Butzel, Smith, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.