**Pearl H. KOWALEWSKI, widow of Anthony Kowalewski, deceased, Plaintiff,**

**v.**

**The PENNSYLVANIA RAILROAD COMPANY, a corporation of the State of Pennsylvania, Defendant.**

**Civ. A. No. 1764.**

United States District Court
D. Delaware.
March 9, 1956.

W. Thomas Knowles (of Knowles & Allmond), Wilmington, Del., for plaintiff.

James L. Latchum (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action brought in this Court by removal from the Superior Court of the State of Delaware, in and for New Castle County, on the ground of diversi-

ty of citizenship. The precise matter arises from a motion of the defendant to dismiss the complaint. The questions present a combination of statutes as bearing upon the following facts.

The action is brought by Pearl H. Kowalewski, widow of Anthony Kowalewski, against the Pennsylvania Railroad Company. Anthony Kowalewski at and prior to October 11, 1954, was an employee of Armour and Company, a wholesale meat distributor in Wilmington, to the plant of which runs a spur track of the defendant and on which cars are transported to the Armour premises. The complaint alleges that the defendant, railroad company, so negligently operated its cars and tracks that Kowalewski was electrocuted and died on October 11, 1954. With these allegations of negligence I am not now concerned for the present questions do not touch upon such facts.

The complaint states:

"that this action is brought under Title 10, § 3702 [1] of the Revised Code of Delaware 1953 and this action is maintained subject to all the rights and obligations arising under Section 21, Paragraph 2363, Title 19 of the Revised Code of Delaware 1953 as the same was amended by a paragraph known as Paragraph 2363, Sub-sections A, B, C, D, E & F duly passed by the Legislature and approved by the Governor on June 23, 1955."

Title 10, Sec. 3704 is the Delaware Act giving a widow a right of action for the death of her husband of which Lord Campbell's Act was the prototype.

Title 19, Sec. 2363, both as appearing in the Revised Code and in the Amendment of June 23, 1955, applies to workmen's compensation and has to do with the rights of parties against third party tortfeasors, liable for the injury.

Section 2363 as originally enacted provided that, under certain circum-stances, the party injured or his dependents could claim compensation under the Act or seek damages at law against the tortfeasor but both courses could not be followed. If compensation was awarded, the employer was subrogated to the right of action to recover damages from the tortfeasor.

The Amendment of June 23, 1955, provided that "the acceptance of compensation benefits [under the Act] or the taking of proceedings to enforce compensation payments shall not act as an election of remedies" but the injured employee could also proceed against the tortfeasor. The Amendment provides that if the injured person or his dependents do not commence an action within 260 days after the occurrence of the injury, then the employer or compensation insurance carrier could enforce the liability of such tortfeasor.

Here is where the difficulties arise. The accident occurred October 11, 1954, resulting in the death of Anthony Kowalewski. The widow commenced the action on October 28, 1955, more than 260 days after the injury resulting in death. The motion to dismiss is based on that fact.

The plaintiff contends that the Delaware Amendatory Act of June 23, 1955, is an exact copy of a Michigan Act of 1952, Comp.Laws Supp.1952, § 413.15,[2] and that Delaware, having adopted the Act, will be considered as having adopted the construction of the Act in effect in Michigan when the statute was adopted in Delaware.

The plaintiff relies upon the Michigan cases of Rookledge v. Garwood, 340 Mich. 444, 65 N.W.2d 785 and Woods v. Ford Motor Company, 342 Mich. 518, 70 N.W.2d 739. In Rookledge v. Garwood the following facts appear. Rookledge was injured by Garwood, a third party tortfeasor. At the time of the injury, October 22, 1951, the statute, Comp.Laws 1948, § 413.15, provided that Rookledge

---

**1.** This section is stated to be a typographi-cal error and intended to be Section 3704 and is so assumed by me.

**2.** Set out in full in Rookledge v. Garwood, 65 N.W.2d 785.

could receive workmen's compensation or he could sue the tortfeasor but he could not do both. Rookledge received workmen's compensation of upwards of $2,000. After the accident the statute was amended in 1952 providing that the acceptance of compensation benefits should not act as an election of remedies and if the injured party did not commence an action within one year from the injury, the employer might sue the tortfeasor in the name of the injured party. On June 10, 1953, Rookledge and his employer, for the use of the compensation insurance carrier, sued the tortfeasor. The Circuit Court dismissed the Action and the Supreme Court reversed. The Supreme Court held (1) That the Amendatory Act was remedial in nature; (2) That while under the original Act, prior to the Amendment, Rookledge lost his right to recover against the tortfeasor when he accepted workmen's compensation, yet the Legislature had the authority to revoke this defense and restore the remedy for damages which it did by the Amendment and that the tortfeasor had no vested right to the statutory defense growing out of the election of remedies; (3) That the Act was retroactive in effect and applied to claims which had arisen prior to its enactment.

In Woods v. Ford Motor Co., 342 Mich. 518, 70 N.W.2d 739, the accident happened June 27, 1951. Woods sought and obtained workmen's compensation. The Amendatory Act was passed in 1952. Two days before operation of Statute of Limitations, viz., June 25, 1954, Woods brought his action against the third party tortfeasor.[3] While the action only concerned the failure to give 30 days' notice of the institution of the suit (which the Court held not to be a condition precedent), yet the Court expressly adopted the rulings and result of the Rookledge case and sustained the action.

It must be noted, however, that in Miller v. Ellis, 122 A.2d 314, the Superior Court for New Castle County, Delaware, has held that the Delaware Act of June 23, 1955 (similar to the Michigan Act), is not retroactive in character and effect.

■ I am of the opinion that at this time I cannot be concerned with the holdings of the Michigan cases cited above. In both cases the injured party had accepted workmen's compensation benefits. It is this fact which, at present, makes those cases inapplicable. The effect of the Delaware Amendatory Compensation Act does not and cannot become material until, in the words of the Act, compensation benefits are accepted or there has been the taking of proceedings to enforce compensation payments. Until some compensation was "awarded" under the original Act, there was no question of election of remedies and under the Amendment the election of remedies is not considered until there has been some definitive action as to compensation benefits. If there has been no sufficient action under the compensation statutes to bring such statutes into play, then the right of the widow under the Delaware Lord Campbell's Act remains unimpaired.

The plaintiff also cites the construction of the Michigan Statute by the Court in Foster v. Buckner, 6 Cir., 203 F.2d 527. I am not impressed with the discussion of the Michigan Statute there found. The discussion of the Michigan Statute appears to me as plainly obiter. That Court had found that there was no acceptance of compensation by the plaintiff or of any election of remedies. That being true, any discussion of the Michigan Statute based upon receipt of compensation benefits and election of remedies can have little bearing.

It nowhere appears, in the present complaint or otherwise, that there has

---

3. It may be noted that in both the Rookledge case and the Woods case, action was brought more than one year after the injury. In the Rookledge case, the injured party joined with the employer in the action against the tortfeasor. In the Woods case, this fact does not appear.

been an award of compensation, as provided in the original Section 2363 or "the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments" as provided in the Amendment of June 23, 1955. Indeed, at the argument and in the briefs it was controverted that proceedings before the Industrial Accident Board had reached the stage that the claims of dependents of the deceased were subject to the provisions of that Act.

All that appears in this case is in the complaint wherein it is stated that the action is brought under the Delaware equivalent of Lord Campbell's Act and "is maintained subject to all the rights and obligations arising under Title 19, Paragraph 2363 [Workmen's Compensation Act] of the Delaware Revised Code of 1953 as amended by the Act of June 23, 1955."

■ The motion to dismiss is solely based upon the claimed noncompliance with the provisions of Title 19, Sec. 2363 as amended. I am clearly of the opinion that to grant such motion it must appear that such Act has definite application and that the actions of the parties have made such Act applicable.

■ A motion to dismiss can never be granted unless it appears that the plaintiff would not be entitled to recover under any theory of the case or any applicable state of facts.[4]

■ If, as a matter of fact or construction of law, the widow has not taken such a definitive course of action as to make applicable the provisions of the Workmen's Compensation Statute, then the mere reference to such Statute in the complaint as ground for the maintenance of the action would be surplusage leaving any recovery upon a different theory.

■ The legal rights of the plaintiff are to be determined by the law and the facts as established in the case and not by some language of the claim.[5]

■ The present motion to dismiss under Fed.Rules. Civ.Proc. rule 12(b)(6), 28 U.S.C.A. has been affected by the affidavit filed in the case and thus must be considered as a motion for summary judgment under Rule 56.

■ The motion to dismiss or for summary judgment for the defendant must be denied until such a state of facts is shown as will make applicable the Delaware Amendatory Act of June 23, 1955, discussed by the parties.

An appropriate order may be submitted.

---

4. Frederick Hart & Co. v. Recordgraph, 3 Cir., 169 F.2d 580; Ludlow Mfg. & Sales Co. v. Textile Workers Union D. C., 108 F.Supp. 45, 48; Leimer v. State Mutual Life Assur. Co., 8 Cir., 108 F.2d 302.

5. 2 Moore's Federal Practice, par. 8.14, page 1656.