FOLKERT C. FOLKERTS ET AL. V. JOHN D. STANDISH, GAR-
NISHEE.

*Garnishment—Right of possession—Question of title.*

1. A charge that has no testimony to support the theory on which it is based is error.

2. In a proceeding against a garnishee to whom a chattel mortgage had been given before he was put in possession of the property, questions as to the validity of the mortgage were of no consequence so long as there was no showing that he took possession by virtue of it.

3. Where a garnishee has no possession when garnished, and the title to the property has to be litigated to show the plaintiff's interest, the property cannot be followed into the hands of strangers nor its proceeds into the garnishee's.

4. Garnishment proceedings are statutory, subject to strict construction and not entitled to special favor, and no presumption can be raised in support of plaintiff's claim; and this is especially so where the object sought is within the scope of equity jurisdiction.

Error to Alpena. (Emerick, J.) Oct. 23.—Jan. 7.

GARNISHMENT. The garnishee brings error. Reversed

*Moore & Moore, J. B. Clayberg* and *Moore & Canfield* for appellant.

*Turnbull & Dafoe, R. J. Kelly* and *John C. Shields* for appellees. A chattel mortgage is absolutely void as against such creditors as had claims which accrued before the mortgaged property was transferred to the mortgagee: How. Stat. § 6193; *Haynes v. Leppig* 40 Mich. 607; *Sutton v. Rowley* 44 Mich. 113; *Anderson v. Brenneman* 44 Mich. 198; *Wallen v. Rossman* 45 Mich. 333; *Waite v. Mathews* 50 Mich. 392; *Talcott v. Crippen* 52 Mich. 633; the mortgage being void the person holding under it is liable as garnishee: How. Stat. §§ 8059, 8091; *Blake v. Hubbard* 45 Mich 1; *Cummings v. Fearey* 44 Mich. 40; *Fearey v. Cummings* 41 Mich. 383; *Farrington v. Sexton* 43 Mich. 454.

SHERWOOD, J. The Prentiss Lumber Company was organized March 22, 1882, and continued to do a lumbering

business in the city of Alpena until January, 1884, having
its office in said city. The defendant is, and has been for
many years, a resident of Detroit, and loaned money. ˙ On the
25th day of August, 1883, the defendant had loaned to the
Prentiss Lumber Company moneys to the amount of $14,000,
and had become liable by way of endorsements and accept-
ances for the company to the amount of about $12,000 more.
On that day, to secure the payment of the money thus bor-
rowed and the defendant against liability upon his said
endorsements and acceptances, and which he subsequently
paid, the company made and executed to him a chattel mort-
gage covering about $200,000 of its personal property. At
this time the defendant was informed and understood that
the company had assets of the value of $350,000, and was
owing about $200,000. On the 3d day of September, 1883,
the defendant had not yet put his chattel mortgage on file,
but understanding that under a recent enactment of the
Legislature, in order to preserve his rights secured by the
mortgage against all creditors, it should be properly filed, he
notified the president of the company that unless prompt
payment of the company's indebtedness to him, and of its
indebtedness for which he was liable, was made, or real estate
security given, or the property mortgaged placed in his pos-
session, or sufficient sold to him to pay his claims and cover
his liability, he should file his mortgage.

On the 5th of September the president of the company
wrote the defendant he could turn him out lumber to pay
all his claims; and on the same day defendant telegraphed
the president to file the mortgage, or sell and deliver to
his agent 200,000 feet of lumber, upon receipt of which
the company delivered to defendant's agent the lumber,
and immediately notified defendant of the fact. On the 7th
of September the company sent to defendant an account
of the sale and transfer of the lumber, accompanied by a
receipt for the same, given by his agent. On the 11th of
September, 1883, the defendant went to Alpena, ratified
the sale and transfer of the lumber to him, and settled with
the company, and received from it the full amount of his

account and claims, including his liabilities for the company, and assumed payment of the latter, all amounting to $26,641.72, taking his pay therefor in the lumber he had received to that amount, it being contained in eighty-nine piles, which were marked and set aside as defendant's property.

The defendant returned to Detroit, and delivered to the company's attorney there, as agreed by the parties, the notes and other papers he held, evidencing the indebtedness to him. The following endorsement is written across the face of the large note accompanying the chattel mortgage and signed by defendant: "Canceled by settlement of notes and obligations for which this note and chattel mortgage of the same date was given as collateral security." Endorsed upon the mortgage was the following: "Paid on the within, September 7, 1883, by sale and delivery to my agent, Mr. Walker, subject to my order (J. D. Standish), eighty-nine piles lumber, on docks of the said Prentiss Lumber Company, guaranteed to contain 2,089,000 feet, for the sum of $26,641.72, free of storage, and insurance paid until shipped."

It further appears from the record, which contains all the testimony in the case, that the defendant had sold all the lumber but a few thousand feet, which had been taken from him upon a writ of attachment, at the time proceedings in this case were instituted, and that the lumber was not worth the amount of the defendant's claim. The plaintiffs were creditors of the Prentiss Lumber Company, and became such between the 1st and 15th of September, 1883, and on the 5th of March, 1884, commenced suit against the company for the sum of $3750.84, and on the same day instituted the garnishee proceeding against the defendant in this suit, claiming that he had lumber belonging to the Prentiss Lumber Company in his possession and under his control, or the proceeds of lumber sold, which he had taken upon a fraudulent and void mortgage made to him by said company, in amount sufficient to satisfy the plaintiff's claim.

Judgment was taken in the original suit on the 10th day of June, 1884. The defendant filed his disclosure, and also

his answer to interrogatories prepared and submitted under the statute, in both of which he denied that he had any property of any kind belonging to the Prentiss Lumber Company, or that he took a fraudulent mortgage, or ever received any money, the proceeds of property taken under such mortgage, which belonged to the company when the garnishee process was served upon him. The plaintiffs then filed their demand for a trial in the case. The cause was tried at the Alpena circuit before a jury, and the plaintiffs obtained a judgment for $3879.99 ; and the defendant brings error. The disclosure of the garnishee is full and explicit, and makes a complete defense for him, unless in some way disproved.

The indebtedness of the lumber company to defendant, at the time he took his chattel mortgage to the amount the defendant claimed, and for which he receipted (as he and the president of the company both testify), was not disputed by the plaintiffs. Neither is it claimed by plaintiffs' counsel that the company might not have lawfully paid its indebtedness to defendant by letting him have lumber for the amount, as it is claimed was done in this case. It was the theory of the plaintiff, however, upon the trial, that the defendant did not receive the lumber in payment of his claim, but that he received and took possession of it under and by virtue of his mortgage, which, not having been filed, was void as to the plaintiff, and no title to the lumber passed as against the plaintiffs' claim. The fact whether the lumber was so received or not upon the mortgage was submitted to the jury by the court, and they were told that, if they found the plaintiffs' theory correct, they would be entitled to recover. Defendant's counsel insisted there was no testimony in the case to support such theory, and that the charge of the court submitting the question to the jury was unwarranted.

We have examined the record in vain to find any testimony in the case tending to show that the lumber was turned out upon the chattel mortgage, or that the defendant received or took possession of the same under or by virtue of his mortgage. We think the exception of defendant's counsel

was well taken, and his first request to charge[1] should have been given. It is true it was claimed that the mortgage was void for other reasons; but inasmuch as there was no showing that defendant took the lumber by virtue of the mortgage, it became of no consequence in the case. The defendant did not have the property taken of the Prentiss Lumber Company in his possession when the writ of garnishment was served upon him. In such cases the court cannot follow it in the hands of third persons, or its proceeds in defendant's hands, in this proceeding, if the title of the lumber is to be litigated in order to show plaintiffs' interest. *Fearey v. Cummings* 41 Mich. 384.

Courts are not allowed to make contracts for parties. Neither will they raise presumptions in favor of plaintiffs in garnishee proceedings, nor enforce claims not necessarily within the provisions of the statute. The defendant, in this class of cases, is brought into court upon no common-law liability, but under circumstances purely statutory, and to protect himself against the liability the situation creates when his defense is perfect, not unfrequently subjects him to great inconvenience and expense without any adequate provisions for recompense or reimbursement. This statute cannot be regarded with special favor by the courts, and must be strictly construed. Such, certainly, must be the case when it is sought through the application of its provisions to reach results more properly to be attained under the carefully guarded rules of a court of equity. What we have said disposes of the case, and it would not be profitable to pursue the many exceptions taken further.

The judgment must be reversed and a new trial granted.

The other Justices concurred.

---

[1] The charge requested was that "Under the testimony in this case the verdict must be for the defendant."