In the Matter of Arthur E. HIGGS & Jane C. Higgs individually and as co-partners d/b/a Jany Ceramic Fashions, Bankrupt.

No. 10748.

United States District Court, E. D. Michigan, N. D.

Dec. 2, 1954.

Ralph J. Isackson, Bay City, Mich., for the petitioner, H. Hirschfield Sons Co.

Janet E. Kinnane, Bay City, Mich., for William H. Dempster, Trustee.

PICARD, District Judge.

This is a reclamation petition brought by H. Hirschfield Sons Co. based upon the claimed validity of a chattel mortgage. The equities preponderate in favor of petitioner. The law, however, does not.

### Findings of Fact

Here are the facts. In early 1952 Arthur E. Higgs and Jane C. Higgs, doing business as the Jany Ceramic Fashions, made arrangements to borrow $8,000 from petitioner H. Hirschfield Sons Co. to take care of current bills. Petitioner advanced them this amount in three installments, June 23rd ($3,000), July 10th ($2,500) and July 11th ($2,500), 1952. On the last date, the bankrupts executed a note and chattel mortgage to petitioner covering all of their assets including furniture, fixtures, machinery, equipment and stock. But this mortgage was not recorded until November 17, 1952.

Between the date the first mortgage was given, July 11, 1952, and November 17, 1952, the date of recording, credit was extended to the Jany Ceramic Fashions by several persons who are still presently creditors.

Subsequently, January 28, 1953, Jany Ceramic Fashions gave a renewal mortgage and note (covering the first mort-

gage) to petitioner, H. Hirschfield Sons Co. but this time in the sum of $11,750 which included the original $8,000, $1,750 for past indebtedness of rent and $2,000 new money—cash advanced on that date. This second mortgage was promptly recorded next day, January 29, 1953.

There was no compliance with the Bulk Mortgage Act when either mortgage was executed, M.S.A. 19.371, Comp.Laws Mich.1948, § 442.51, and failure to so comply rendered both mortgages void as against creditors affected.

July 7, 1954, the bankrupt filed a voluntary petition in bankruptcy and petitioner filed its reclamation petition to recover the property specified in its liens. August 10, 1954, the Referee in Bankruptcy adjudged that both the mortgages were invalid in their entirety as against the trustee. The case comes to us on review.

### Conclusions of Law

We begin with three major well-recognized propositions of law:

■ (a) That the trustee in bankruptcy has all the rights that a creditor would have under the law of the state where the property is located. In re Lustron Corp., 7 Cir., 184 F.2d 789.

■ (b) If there has been a failure to comply with the state statutes the trustee has a duty to determine what rights that failure conferred upon creditors. In re Lustron Corp., supra.

■ (c) If the lien, under the state law, is invalid as against even one creditor, it is invalid against the trustee and all the property of the debtor affected by any such transfer shall be and remain a part of bankrupt's assets and estate, discharged and released from such transfer, and shall pass to the trustee. Every such transfer or obligation shall be avoided by the trustee for the benefit of the estate. 11 U.S.C.A. § 110, sub. e(1, 2).

■ The first mortgage that was executed July 11, 1952 and recorded November 17, 1952, more than four months later, is void as against the trustee for the reason that certain creditors extend-

ed credit during the time between the execution and the recording. Feary v. Cummings, 41 Mich. 376, 1 N.W. 946.

■ The second mortgage is void as to persons who were creditors when it was executed because the petitioner did not comply with the Bulk Mortgage Act, M.S.A. 19.371, which specifically invalidates mortgage covering a past indebtedness without so complying, and this mortgage was given partly for a past consideration of $1,750 for rent due, in addition to the $8,000 renewal of the first mortgage and $2,000 cash advanced.

■ Any chattel mortgage given to secure an antecedent debt without giving notice to existing creditors as required by the Bulk Mortgage Act is void as against such creditors. Michigan Packing Co. v. Messaris, 257 Mich. 422, 241 N.W. 236.

■ We cannot agree with petitioner's position when it contends that since part of the consideration for the second mortgage is cash advanced on January 28th that this mortgage should be adjudged valid to the extent, at least, of that $2,000. Admittedly some cases have so held, among them In re Dismal Swamp Contracting Co., D.C.1905, 135 F. 415; Smith v. Coury, D.C.1918, 247 F. 168. But these cases were all decided before 1938 and herein petitioner comes abruptly up against sub-paragraphs (1) and (2), Section 70, sub. e, of our amended Bankruptcy Act enacted after the above decisions and undoubtedly suggested by Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, which provides that all property of the bankrupt affected by any such transfer shall remain a part of the bankruptcy estate.

"(1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor.

"(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whomever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision e is valid under applicable Federal or State laws.

If the second mortgage was void as to any one creditor—and it was under all our decisions—then under the Bankruptcy Act as amended in 1938 it was void as against the trustee. Therefore, all the property of the bankrupt affected by the transfer must remain a part of the estate and is under control of the trustee. See also Deane v. Fidelity Corp. of Mich., D.C., 82 F.Supp. 710.

Judgment for defendant trustee.