344 Mich. 34 (1955)
73 N.W.2d 293
In re GEORGE STUART, INC.
BOOMER COMPANY
v.
SAFIR.
Docket No. 57, Calendar No. 46,553.
Supreme Court of Michigan.
Decided December 1, 1955.
Rehearing denied March 1, 1956.
*35 Thomas B. Moore, for plaintiff.
Kennedy, Radom, Rockwell & Mountain, for defendant.
KELLY, J.
In the fall of 1953, George Stuart, Inc. (hereinafter referred to as debtor), entered into a contract to pave certain streets for Rodney M. Lockwood. Debtor obtained material for this job from the Boomer Company (hereinafter referred to as appellant). When work ceased, because of cold weather, debtor owed appellant over $4,700 for building materials, and in February, 1954, appellant brought suit in Wayne county circuit court against debtor.
In April, 1954, debtor assigned to appellant $2,700 of sums due debtor from Rodney M. Lockwood, and also 10% of future amounts to become due from Lockwood. The assignment also provided:
"That only as and to the extent that moneys hereby assigned are paid to the Boomer Company shall the indebtedness of George Stuart, Inc., to the said the Boomer Company be paid and extinguished."
Because of this assignment appellant agreed to take no further action in court before August 15, 1954.
On July 6, 1954, Benjamin J. Safir was appointed temporary receiver of debtor and on August 17, 1954, appellant filed notice of the aforementioned assignment with the Wayne county register of deeds.
The Lockwood paving job was finished by other contractors and it was determined that $2,291.71 was due debtor for work completed. Lockwood delivered *36 to appellant a check for that amount, making such check payable jointly to appellant and George Stuart, Incorporated. Appellee-receiver refused to indorse the check and appellant petitioned the court to require him to do so; appellee filed a cross petition to require appellant's indorsement on said check to appellee.
This is an appeal from the order denying appellant's petition and granting the cross petition of appellee, the court basing its order upon appellant's failure to comply with PA 1945, No 309, the assignment of accounts receivable act. The applicable portion of the act reads:
"Sec. 2. * * * Provided, however, That in the event an assignment of an account receivable is made as security for an antecedent indebtedness other than pursuant to a written agreement by the assignor to do so made at or prior to the time when such indebtedness, or any part thereof, was first incurred, such assignment shall not be deemed to be so perfected unless at the time of the delivery thereof a notice of assignment is on file as provided in section 3 of this act, or if not then on file, until such a notice of assignment is so filed." CL 1948, § 691.902 (Stat Ann 1953 Cum Supp § 19.842).
Appellant concedes that the assignment was in consideration of an antecedent debt but contends that the assignment is absolute and, therefore, no notice was required by the aforementioned act.
We cannot agree with appellant's contention. The assignment clearly stated that only to the extent the moneys assigned were paid would the indebtedness be considered paid or extinguished. If debtor had paid the amount he owed to appellant with assets other than the assigned account, appellant would have no right to claim any payment under this assignment. The assignment did not bar appellant *37 from satisfying its claim out of other assets of the debtor.
Judgment affirmed.
CARR, C.J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.