**Matter of William S. RILEY, dba Riley's Market, Bankrupt.**

**No. 36979.**

United States District Court
E. D. Michigan, S. D.
Oct. 31, 1956.

T. Donald Wade, Robert E. Rann, Dickinson, Wright, Davis, McKean & Cudlip, Detroit, Mich., for petitioner Darling & Co.

Allan B. Schmier, Schmier & Schmier, Detroit, Mich., for trustee in bankruptcy.

FREEMAN, District Judge.

This is a petition by Darling & Company, an Illinois corporation, for review of an order of the Referee in Bankruptcy denying Darling & Company's petition for reclamation based upon a chattel mortgage covering business fixtures and automobiles owned by the bankrupt. The pertinent facts are as follows:

On January 6, 1955, the bankrupt was indebted to the petitioner Darling & Company in the amount of $1,289.34 on an unsecured installment note in the original principal amount of $2,000. Prior to said date, the bankrupt requested and petitioner agreed to loan the bankrupt up to a total of $5,400 on condition that the entire amount be secured. Therefore, on the date in question, January 6, 1955, petitioner delivered to the bankrupt two checks totalling $5,400, one in the amount of $1,289.34 and the other in the amount of $4,110.66, and the bankrupt simultaneously executed and delivered to the petitioner his promissory note in the amount of $5,400 and his chattel mortgage covering equipment in bankrupt's three meat markets and also two motor vehicles as security for the note, which chattel mortgage was promptly recorded on the same date, but no notice of such mortgage was given to bankrupt's creditors. The check in the amount of $1,289.34 was endorsed by the bankrupt and returned to the petitioner, whereupon the original note of the bankrupt, having an unpaid balance in the same amount, was surrendered to him by the petitioner.

Payments were made on the $5,400 note, and on May 5, 1955, the date of filing the involuntary petition in bankruptcy in this matter, the balance due on the note in question was $4,956.25.

There is at least one creditor now having a provable claim who was such a creditor of the bankrupt on January 6, 1955.

Shortly after bankruptcy, Darling & Company filed a petition for reclamation of the fixtures and automobiles covered by the mortgage. The Referee concluded (1) that $1,289.34 of the consideration for the chattel mortgage was past consideration and that the mortgage was clearly invalid as to that portion of the consideration under the provisions of the Michigan Bulk Mortgage Act, C.L. 1948, Sec. 442.51; M.S.A. Sec. 19.371, except as to the two motor vehicles, and (2) the mortgage being invalid as to the past consideration under the Michigan Bulk Mortgage Act, except as to the two motor vehicles, it was invalid as to the entire consideration under the holding of this district court in the case of In re Higgs, d b a Jany Ceramic Fashions, Bankrupt, D.C., 126 F.Supp. 16 (hereinafter referred to as the Jany Ceramic case), decided by Judge Picard of this district and, therefore, ordered that the petition for reclamation be denied except as to the two motor vehicles, which were not subject to the Bulk Mortgage Act.

Petitioner requested review of the Referee's order as to both conclusions reached by the Referee, but in its brief concedes that $1,289.34 of the consideration for the mortgage was past consideration.

Therefore, the sole question for determination by this court on this review is whether a properly-recorded chattel mortgage, subject to the Michigan Bulk Mortgage Act, given to secure a present consideration and also an antecedent indebtedness at a time when there are existing creditors of the mortgagor with provable claims in bankruptcy, is valid as against the trustee in bankruptcy to the extent of the present consideration, no notice having been given to creditors of the bankrupt as required by such Act.

The Michigan Bulk Mortgage Act, insofar as pertinent to the issue in this case, provides:

"Every mortgage or conveyance intended to operate as a mortgage of the whole or any part of a stock of merchandise or fixtures or merchandise and fixtures, pertaining to the conducting of any said business which shall hereafter be made for a past consideration other than the purchase price of the property mortgaged without notice to the creditors of the mortgagor as herein provided, shall be void as against said creditors not so notified."

Petitioner contends that the chattel mortgage involved in this action is valid to the extent it is supported by present consideration, even though it may be void as to past consideration under the said Act, and argues that a chattel mortgage is a divisible contract as to past and present consideration and otherwise under Michigan law and cites numerous Michigan and federal cases to that effect. None of such cited cases involves the construction of the Michigan Bulk Mortgage Act or the question of divisibility or severability of a chattel mortgage subject to said Act or similar statute.

Petitioner then cites the decision of this court in In re Cable-Link Corp., D. C., 135 F.Supp. 277, as controlling of the issue in this case. It should be noted that the transfer in the Cable-Link case involved the Michigan Assignment of Accounts Receivable Act, Act 309, P.A. 1945, Sec. 19.841, et seq., M.S.A., and Sec. 60 of the Bankruptcy Act, 11 U.S. C.A. § 96, under which this court held that the transfer there involved was voidable by the trustee to the extent of the antecedent indebtedness as a voidable preference under Sec. 60 of the Bankruptcy Act. Therefore, this court in Cable-Link merely applied the existing law to a voidable preference under Sec. 60 of the Bankruptcy Act and decided that a preference voidable under Sec. 60 of the Bankruptcy Act may be partly valid and partly invalid. The transfer in that case was not fraudulent against or voidable under state or federal law by an existing creditor as is the transfer involved in this case.

In the Cable-Link case, this court pointed out the inapplicability of Sec. 70, sub. e, 11 U.S.C.A. § 110, sub. e, to the facts in that case as follows, at page 281:

"Section 70, sub. e(1) provides in substance that a transfer, which under any federal or state law is fraudulent as against or voidable by any creditor, is null and void as again the Trustee. Thus, to avoid a transfer under Section 70e, the Trustee must show that at least one actual flesh and blood creditor can upset the assignment under local law. Once this is established, the Trustee can void the entire assignment and take over all the property conveyed. Section 70, sub. e(2) merely codifies Moore v. Bay, supra. In the present case, the assignment as to the $4,000 present consideration is not fraudulent against or voidable by an existing creditor. Since Section 70, sub. e(1) is not applicable, to the $4,000 present consideration, Section 70, sub. e(2) cannot be invoked to invalidate the entire assignment."

In the instant case, however, Sec. 70, sub. e(1) of the Bankruptcy Act is applicable because there are existing creditors of the bankrupt who were not notified of the mortgage as required by the Michigan Bulk Mortgage Act, thereby rendering the mortgage void as to such creditors. Inasmuch as Sec. 70, sub. e(1), of the Bankruptcy Act is applicable to the transfer in this case and Sec. 70, sub. e(2), provides that all property affected by any such transfer shall be and remain a part of the assets of the bankrupt's estate and pass to the trustee in bankruptcy, this court is in agreement with the decision in the Jany Ceramic case, supra.

For the reasons above stated, the order of the Referee in Bankruptcy is affirmed and an appropriate order may be presented.