BERGER FURNACE COMPANY v. COLLINS.

1. ASSIGNMENTS—ACCOUNTS RECEIVABLE—PAYMENT OF ANTECEDENT DEBT.

The payment of an antecedent debt of the assignor to the assignee of accounts receivable under an unfiled assignment prior to the time when assignor became indebted to plaintiff in no way prejudiced plaintiff, whether the payment was made pursuant to or independent of the assignment, since at the time of such payment plaintiff had no claim or right against the assignor (CL 1948, §§ 691.902, 691.906).

2. SAME—PAYMENT OF ANTECEDENT DEBT—TITLE TO MONEY—ACCOUNTS RECEIVABLE.

Money paid to assignee by assignor's debtors became the property of the assignee, where applied to payment of an antecedent debt even though the assignment of the assignor's accounts receivable had not been filed, and was not held in trust by the assignee for assignor's creditors who did not become such until some 15 months after extinguishment of the antecedent debt (CL 1948, §§ 691.902, 691.906).

3. SAME—ACCOUNTS RECEIVABLE—SECURITY FOR FUTURE ADVANCES—FILING—DELIVERY.

Filing in the office of the register of deeds of an assignment of accounts receivable is not an essential step to perfecting such an assignment when given as security for payment of future advances, such assignment being perfected upon its delivery (CL 1948, §§ 691.902, 691.906).

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur, Assignments § 112.
[2, 4] 4 Am Jur, Assignments § 96.
[3] 4 Am Jur, Assignments § 88; 24 Am Jur, Fraudulent Conveyances § 76.
[5] 24 Am Jur, Fraudulent Conveyances § 92.
[6, 8] 4 Am Jur, Assignments § 83.
[7] 4 Am Jur, Assignments § 88.

4. SAME—ACCOUNTS RECEIVABLE—ANTECEDENT DEBT—FUTURE AD-
VANCES—FILING.

Moneys collected by garnishee defendant from the principal de-
fendant's debtors after an unfiled assignment of accounts re-
ceivable was executed and delivered were not held in trust by
the assignee, where first collections were in payment of an
antecedent debt of the assignor and payment thereof was com-
pleted before defendant incurred any obligation to plaintiff
and later collections were in payment of future advances which
were made after obligation·to plaintiff was incurred but as to
which the assignment was not required to be filed (CL 1948,
§§ 628.32, 691.902, 691.906).

5. FRAUD—PREFERENTIAL PAYMENT OF CREDITOR.

A fraud is not committed by a debtor who pays or secures the
payment of his obligation to one or certain of his creditors
in preference to others.

6. ASSIGNMENTS—ACCOUNTS RECEIVABLE—FILING—PAYMENT.

The fact that garnishee defendant held an assignment of de-
fendant's accounts receivable, even if invalid and not perfected
because not filed, did not operate to render invalid the other-
wise valid payment to it (CL 1948, §§ 628.32, 691.902, 691.906).

7. SAME—ACCOUNTS RECEIVABLE—FILING—PAYMENT.

The failure to file an assignment of accounts receivable goes
only to ·the validity and effectiveness to convey title to an
account remaining unpaid but is in nowise controlling of the
· validity of the payment of the account by the debtor to the
assignee or the availability of the proceeds to the assignor's
other creditors in garnishment (CL 1948, §§ 628.32, 691.902,
691.906).

8. SAME—ACCOUNTS RECEIVABLE—STATUTES—PAYMENT.

The assignment of accounts receivable act does not make payment
of the debt to the assignee under an unperfected assignment
void.as to the assignor's creditors (CL 1948, §§ 628.32, 691.902,
691.906).

Appeal.from Wayne; O'Hara (Chester P.), J.
Submitted June 10, 1958. (Docket No. 55, Calendar
No. 47,688.) Decided October 13, 1958.

Action by Berger Furnace Company, a foreign
corporation, against Richard Collins, doing business

as Collins & Son Heating Contractors, for goods sold and delivered, resulting in judgment, with garnishment proceedings against Star Steel Supply Company, a Michigan corporation, to secure funds received by it under an assignment of accounts receivable. From a judgment against it, garnishee defendant appeals. Reversed.

*Kahn & Kahn* (*Kenneth F. Kahn,* of counsel), for plaintiff.

*Harry N. Grossman,* for garnishee defendant.

DETHMERS, C. J. On March 30, 1954, defendant gave garnishee defendant an assignment of accounts receivable as security for an antecedent debt and to secure payment of future advances. The assignment was not filed in the office of the register of deeds. By June 30, 1954, the antecedent debt had been paid. Thereafter garnishee defendant made further advances to defendant on a running account until April of 1956. During March and April of 1956, garnishee defendant received a total of $20,175 in payment on defendant's account from persons owing defendant accounts covered by the assignment. Between October 10, 1955, and June 30, 1956, plaintiff sold defendant merchandise on which there was a balance due plaintiff of $19,025.37, for which it brought suit on June 25, 1956, and obtained judgment on March 25, 1957. On November 14, 1956, plaintiff caused a writ of garnishment in that action to be served on garnishee defendant in an effort to recover its claim out of the above-mentioned payments made to garnishee defendant by defendant's debtors.

On trial of the statutory issue, the trial court held that the mentioned payments to garnishee defendant were made pursuant to an unfiled and, hence, unper-

fected assignment to secure an antecedent debt, that the assignment was invalid and void as to defendant's other creditors and that, therefore, the payments were, in garnishee defendant's hands, subject to garnishment by defendant's creditors, including plaintiff.

The pertinent statutory provisions are:

"A written assignment of an account receivable is, and shall be deemed to be, so far perfected at the time it is delivered that no purchaser from, nor any creditor of, the assignor can thereafter acquire any right in the account receivable so assigned equal or superior to the rights of the assignee therein, notwithstanding any action or any inaction by any person and, without limiting the generality of the foregoing, notwithstanding that no notice, either actual or constructive, of such assignment be given to the obligor or any other person, and notwithstanding that any subsequent purchaser from or any creditor of the assignor thereafter shall receive payment, in whole or in part, of such account receivable, or shall receive a negotiable instrument in payment or as evidence, in whole or in part, of such account receivable, or shall effect a novation in respect of such account receivable, or shall obtain a judgment, order or decree for the payment of such account receivable: Provided, however, That in the event an assignment of an account receivable is made as security for an antecedent indebtedness other than pursuant to a written agreement by the assignor to do so made at or prior to the time when such indebtedness, or any part thereof, was first incurred, such assignment shall not be deemed to be so perfected unless at the time of the delivery thereof a notice of assignment is on file as provided in section 3 of this act, or if not then on file, until such a notice of assignment is so filed." CL 1948, § 691.902 (Stat Ann 1957 Cum Supp § 19.842).

"An assignment of an account receivable is not, and shall not be deemed to be, invalid for the reason that: * * *

"(d) neither such assignment nor any copy or notice thereof is recorded or filed in any public office except in case a notice of assignment is required to be filed in order that such assignment be perfected." CL 1948, § 691.906 (Stat Ann 1957 Cum Supp § 19.846).

"If any person garnisheed shall have in his possession any of the property aforesaid of the principal defendant, which he holds by a conveyance or title that is void as to creditors of the defendant, or if any person garnisheed shall have received and disposed of any of the property aforesaid of the principal defendant, which is held by a conveyance or title that is void as to creditors of the defendant, he may be adjudged liable as garnishee on account of such property and for the value thereof, although the principal defendant could not have 'maintained an action therefor against him." CL 1948, § 628.32 (Stat Ann § 27.1886).

It will be noted that the antecedent debt secured by the assignment had been paid more than 15 months before plaintiff advanced credit to defendant. That payment, whether made pursuant to, or independent of, the assignment, prejudiced no rights of plaintiff because at that time plaintiff had no claim or right against defendant. When garnishee defendant received that payment it had every right to apply it to the antecedent debt due it from defendant. That debt thereupon became extinguished and the money became garnishee defendant's absolutely and in no sense, as plaintiff claims, in trust for those who, 15 months later, might or did become creditors of defendant. The payment of that money to garnishee defendant in discharge of the antecedent debt was not a conveyance or payment void as to defendant's creditors. It follows that plaintiff

may not recover those moneys in garnishment; regardless of whether the payment came from defendant directly or from defendant's debtors under the assignment.

' May plaintiff recover from garnishee defendant moneys received by it from defendant's debtors, under the assignment, after plaintiff became a creditor of defendant, in payment of advances made by garnishee defendant to defendant after execution of the assignment? Filing is not, under the statute, an essential step to perfecting an assignment of accounts receivable given as security for payment of future advances. The statute provides that such assignment is perfected upon its delivery. When, in June of 1954, the antecedent indebtedness had been paid up and thereafter, in October of 1955, when plaintiff began advancing credit to defendant, the assignment remained only as security for payment of advances made after its execution. It was such advances that were paid by the moneys received by garnishee defendant in March and April of 1956. The quoted language of the garnishment statute imposes liability on a garnishee defendant if he has obtained from defendant and holds property by a conveyance or title void as to defendant's creditors. The assignment was not a fraud on plaintiff's rights nor void as to it when given because plaintiff was not then a creditor of defendant. When plaintiff became a creditor the assignment was not then void as to it because the assignment then stood only as security for payment of advances made after its execution, for which purpose filing was not requisite to its perfecting and validity. Accordingly, it must be said with respect to these payments on advances made after execution of the assignment, as hereinbefore said concerning payment of the antecedent debt, that they do not constitute assets in garnishee defendant's hands held in trust for defendant's

other creditors, amenable to their demands in garnishment.

It is plaintiff's theory that the assignment is indivisible, that it is invalid, for lack of filing, with respect to the antecedent debt, and, therefore, invalid in its entirety, even as security for payment of the future advances. Assuming this, arguendo, to be correct, would it follow that garnishee defendant received and holds the moneys paid it in March and April of 1956 "by a conveyance  *  *  *  that is," to quote the garnishment statute, "void as to creditors of the defendant"? We hold not.

"It is the settled law of this State that, laying aside the Federal bankruptcy act, a debtor may prefer one creditor to another. *Harnau* v. *Haight,* 209 Mich 604, and authorities there cited." *Fremont State Bank* v. *Old State Bank,* 240 Mich 18, 22.

"A fraud is not committed by a debtor who pays or secures the payment of his obligation to one creditor or to certain of his creditors in preference to others." *In re United Fuel Supply Co.,* 250 Mich 325, 331.

There is no claim here that defendant gave garnishee defendant an unlawful preference. Direct payment of the sums in question by defendant to garnishee defendant on its account would not have been void as to defendant's creditors. Collection by defendant of the accounts receivable due it and payment of the proceeds by it to garnishee defendant would not have been void as to defendant's creditors. Payment, at defendant's direction, of such accounts receivable by defendant's debtors directly to garnishee defendant, independent of any assignment, would not have been a conveyance or payment void as to defendant's other creditors. The fact that garnishee defendant held such an assignment of accounts receivable, even if invalid and not perfected

because not filed, did not operate to render invalid the otherwise valid payment to it. *Costello* v. *Bank of America National Trust and Savings Association,* 141 F Supp 225, affirmed (CCA), 246 F2d 807. See, also, *Fremont State Bank* v. *Old State Bank, supra; Crusoe Bros. Co.* v. *Kudner,* 136 Mich 583; *Folkerts* v. *Standish,* 55 Mich 463. In the *Costello Case* the district court said (p 231):

"The fact that the account, itself, was never effectively transferred as against the assignor's creditors or subsequent assignees does not mean that the proceeds could not be."

Speaking of the California accounts receivable statute, similar to the Michigan statute, the court of appeals said (p 813):

"The primary purpose of the statute was to protect the assignee against a claim by the trustee while at the same time maintaining the practice of nonnotification financing. Other objectives were secondary and incidental. It would be strange indeed if such a statute, enacted to benefit the assignee were to be used to deprive the assignee of rights it would have if the statute had not been passed, or if there had been no assignment and the debt simply paid from the payments on the contract."

*In re George Stuart, Inc.,* 344 Mich 34, is cited by plaintiff for the proposition that an assignee acquires no title under the assignment of an account receivable given as security for an antecedent debt where he fails to perfect it by filing. In that case the account receivable so assigned remained unpaid. The question was whether the unfiled assignment was effective to give the assignee the right to collect the as yet unpaid account and thereafter keep the proceeds in preference to assignor's other creditors. This Court held that the assignment was not absolute, but one given as security for payment of an

antecedent debt and that, because not filed and per-
fected, it was invalid and not effective to give as-
signee title to the uncollected account receivable as
against assignor's other creditors. The case is not
in point here where the question presented is not
whether the assignment effectively transferred to
assignee title to an unpaid account receivable, but
whether actual payment of the account receivable to
assignee constituted a conveyance void as to as-
signor's creditors. As above indicated, the answer
must be in the negative. Failure to file the assign-
ment goes only to the validity and effectiveness of the
assignment to convey title to an account remaining
unpaid but is in nowise controlling of the validity of
the payment of the account by the debtor to the
assignee or the availability of the proceeds to as-
signor's other creditors in garnishment.

In this connection plaintiff cites *Watkins* v. *Angus,*
241 Mich 690; and *Patmos* v. *Grand Rapids Dairy
Co.,* 243 Mich 417. Involved were sales made in vio-
lation of the bulk sales law which the statute renders
void. There is no comparable provision in the as-
signment of accounts receivable act making payment
under an unperfected assignment void as to as-
signor's creditors. These cases would, therefore, be
inapposite, even though the assignment were to be
held invalid and void as to them. Also cited are
*Heineman* v. *Schloss,* 83 Mich 153; *Meigs* v. *Weller,*
90 Mich 629; *Baker* v. *Parkhurst,* 119 Mich 542. In
*Heineman* and *Meigs* the Court held mortgages given
to the garnishee defendants were fraudulent and
therefore ineffective against the mortgagors' other
creditors. In *Baker* the expressed finding of fraud
on mortgagor's creditors was planted on failure to
file the chattel mortgage. We conclude, however,
from reading the opinion, that persuasive to its
decision in the case was the court's recital of facts
disclosing fraudulent collusion between mortgagor

·and mortgagee of which an agreement to withhold the mortgage from filing was but a part. In the instant case no fraud was perpetrated on defendant's creditors. The payment of its indebtedness to garnishee defendant, even though made by defendant's debtors under the assignment, was neither fraudulent nor void as to defendant's other creditors.

Judgment for plaintiff against garnishee defendant reversed, with costs.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.