262 F.2d 857
 In the Matter of Martin GLASSMAN and Sol Werber, individually and d/b/a Cheer Super Market and Joy-Livernois Super Market, Bankrupts,
UNITED DAIRIES, Inc., Appellant,
v.
Stuart E. HERTZBERG, Trustee, Appellee.
 No. 13452.
 United States Court of Appeals Sixth Circuit.
 December 23, 1958.
 
 Oscar Freedenberg, Detroit, Mich., Leonard Gurwin, Detroit, Mich., on the brief, for appellant.
 Allan B. Schmier, Detroit, Mich., for appellee.
 Before ALLEN, Chief Judge, and MARTIN and MILLER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is prosecuted to a judgment of the United States District Court for the Eastern District of Michigan which construed M.S.A. Section 19.371 of the Michigan Bulk Chattel Mortgage Act, Comp.Laws 1948, § 442.51. The bankrupt executed a bulk chattel mortgage to secure a past consideration, a present consideration, and future advancements. It is conceded that notice was not given to creditors of the mortgagor as required by the statute. The court held that under Section 70, sub. e (1) of the Bankruptcy Act, 11 U.S.C. § 110, 11 U.S.C.A. § 110, the mortgage was void in its entirety as against the trustee in bankruptcy because of the violation of the provision for notice. M.S. A. Section 19.371, Comp.Laws 1948, § 442.51 reads as follows:
 
 
 2
 "Every mortgage or conveyance intended to operate as a mortgage of the whole or any part of a stock of merchandise or fixtures or merchandise and fixtures, pertaining to the conducting of any said business which shall hereafter be made for a past consideration other than the purchase price of the property mortgaged without notice to the creditors of the mortgagor as herein provided, shall be void as against said creditors not so notified."
 
 
 3
 Appellant contends that under Michigan law, in the absence of fraud, such a mortgage is valid as against the trustee in bankruptcy to the extent of the present consideration and future advances even though the requirements of the Bulk Chattel Mortgage Act have not been met.
 
 
 4
 There is no adjudication of the Supreme Court of Michigan construing the Michigan Bulk Chattel Mortgage Act upon this particular question. Berger Furnace Company v. Richard Collins, 354 Mich. 289, 92 N.W.2d 338, 339, a recent decision of the Supreme Court of Michigan, arises under a totally different statute which contains a specific provision that "An assignment of an account receivable is not, and shall not be deemed to be, invalid for the reason that: * * *
 
 
 5
 "(d) neither such assignment nor any copy or notice thereof is recorded or filed in any public office except in case a notice of assignment is required to be filed in order that such assignment be perfected." Comp. Laws 1948, § 691.906.
 
 
 6
 The case has no bearing here.
 
 
 7
 The United States District Court for the Eastern District of Michigan relied upon two opinions of Michigan District Courts making the same ruling in closely similar cases. Each decision was written by a district judge who had practiced law and functioned as a district judge in the State of Michigan. The district judge whose ruling we review here is also a judge of the District Court of Michigan. We therefore take into consideration the opinions of three judges of wide experience in the practice of law and in the District Court of the State of Michigan.
 
 
 8
 We think that the wording of the statute requires affirmance of this decision. The section quoted above provides that a mortgage given for a past consideration without notice to the creditors of the mortgage "shall be void as against said creditors not so notified." No exception is made as to a present, or future consideration.
 
 
 9
 We recognize that this court is required to follow the law of Michigan in matters involving state law. We are cited to no decision of the Supreme Court of Michigan construing the Michigan Bulk Chattel Mortgage Act. However, it is the general rule that when the state courts have not adjudicated a question of local statutory law, the appellate court shall give considerable weight to the considered views of a district judge as to the laws of his state upon doubtful questions of local law. Mutual Benefit Health & Accident Association v. Cohen, 8 Cir., 194 F.2d 232, 241, certiorari denied 343 U.S. 965, 72 S.Ct. 1059, 96 L.Ed. 1362. The Supreme Court of the United States applies this principle in cases where the state courts have not decided the state question presented. MacGregor, Executor, v. State Mutual Life Assurance Co., 315 U.S. 280, 62 S.Ct. 607, 86 L.Ed. 846. Cf. Helvering v. Stuart, 317 U.S. 154, 163, 63 S.Ct. 140, 87 L.Ed. 154; Estate of Spiegel v. Commissioner of Internal Revenue, 335 U.S. 701, 707-708, 69 S.Ct. 301, 93 L.Ed. 330.
 
 
 10
 The District Court in the instant case properly followed the previous judgments of Michigan District Courts in In re Higgs d/b/a Jany Ceramic Fashions, Bankrupt, 126 F.Supp. 16; In re Riley d/b/a Riley's Market, Bankrupt, 145 F. Supp. 686.
 
 
 11
 As correctly decided by the District Court in the latter case, Section 70, sub. e(1) of the Bankruptcy Act is applicable in such cases as it provides that a transfer under any state law fraudulent as against, or voidable by any creditor, is null and void as against the trustee. In that case the creditors of the bankrupt were not notified of the mortgage as required by the Michigan Bulk Chattel Mortgage Act. It was held that the mortgage was void as to such creditors and therefore was null and void as against the trustee in bankruptcy. In re Cable-Link Corporation, Bankrupt, D.C., 135 F.Supp. 277, decided by the same court which decided the Riley's Market case, supra, was held inapplicable on the ground that it construed a transfer under the Michigan Assignment of Accounts Receivable Act, No. 309 P.A.1945, M.S.A. Section 19.841 et seq., Comp. Laws 1948, § 691.901 et seq., and Section 60 of the Bankruptcy Act, 11 U.S.C. § 96, 11 U.S.C.A. § 96.
 
 
 12
 The judgment of the District Court is affirmed.