**NORTHERN COMMERCIAL CO.,**
**Appellant,**

v.

**PACIFIC & ARCTIC RAILWAY AND NAVI-**
**GATION COMPANY and National**
**Bank of Alaska, Appellees.**

**No. 422.**

Supreme Court of Alaska.

Feb. 1, 1965.

Avrum M. Gross and R. Boochever of Faulkner, Banfield Boochever & Doogan, Juneau, for appellant.

R. J. Annis of Robertson, Monagle, Eastaugh & Annis, Juneau, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

. NESBETT, Chief Justice.

On April 11, 1962, in payment of a preexisting debt, Moose Valley Lumber Co. assigned to appellant, Northern Commercial Co., an account receivable due from appellee Pacific and Arctic Railway and Navigation Company in the amount of $3500.

Northern Commercial did not file notice of the assignment with the Commissioner of Administration until April 26, 1962, which was fifteen days after the event. A statute then in force provided that no assignment should be valid as against present or future creditors of the assignor unless notice of the written assignment be on file in the office of the Commissioner of Administration at the time of making the assignment or within ten days thereafter.[1]

---

1. SLA 1951, ch. 90, § 3 [§ 31B–1–3 ACLA (Cum.Supp.1957)] which stated: "Notice, filing and form. No assignment of an account shall be valid as against present or future creditors of the assignor, or as against a subsequent assignee of such account, without knowledge of such assignment, unless such assignment shall be in writing and be signed by the assignor, and unless there shall be on file in the office of the filing officer, at the time of the making of such assignment or within ten days thereafter, an effective and

On August 6, 1962, appellee National Bank of Alaska garnished the debt owed by Pacific and Arctic Railway to Moose Valley Lumber Co. in an attempt to collect a debt owed to it by Moose Valley in an amount in excess of $3500.

Pacific and Arctic Railway, in an interpleader proceeding, deposited the sum of $3500 in court, requesting the court to determine who, as between Northern Commercial Co. and National Bank of Alaska was entitled to the sum and to make appropriate disposition.

The superior court found in favor of National Bank of Alaska on the ground that the assignment from Moose Valley to Northern Commercial was invalid because notice was filed five days later than the ten day period mentioned in the statute.

Appellant contends that although the statute then in force was premised on a ten day period for filing notice of assignments, that provision did not have the effect of invalidating all assignments filed after the ten day period had passed. Appellant's argument is that filings made after expiration of the ten day period were invalid only as to creditors "without knowledge" of the assignment and that "knowledge", as used in the statute, includes constructive as well as actual knowledge.

Appellees argue that the provisions of the statute were explicit and provided that no assignment would be "valid" unless notice was filed within ten days of the execution of the assignment and that since the filing of notice of the assignment was not accomplished until five days after expiration of the ten day period provided for in the statute, the assignment was not valid against National Bank of Alaska, a subse-

quent attachment creditor. Appellees contend that there can be no constructive notice of an invalid assignment.

As counsel point out, state statutes such as Chapter 90, SLA 1951, were originally enacted as a result of the decision of the United States Supreme Court in Corn Exchange National Bank & Trust Company, Philadelphia v. Klauder.[2] In that case the trustee in bankruptcy claimed priority over certain assignees of accounts receivable made as security for loans contemporaneously advanced. It was held that such assignments would be valid against a trustee in bankruptcy only if the assignments had been so far perfected under the applicable state law that no bona fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property assigned superior to the rights of the assignee, as of the time of the filing of the petition in bankruptcy. Since state law was made the criterion for determining the question of priority, many states then enacted specific statutes. The general object of most such statutes was to give some protection to the assignee in what had become a rather widely employed method of financing, as against the claims of other creditors and the trustee in bankruptcy.[3]

We are of the opinion that the ten day period provided for in Chapter 90, SLA 1951 was for the convenience and protection of assignees to allow them ample time to provide the required public notice of the assignment without incurring the risk of having an intervening assignee or attachment creditor displace their priority.

There seems to be no basis in reason or business expediency for holding that failure to file notice of assignment within the ten day period has the effect of forever in-

uncancelled notice signed by the assignor and the assignee * * *."
Note: SLA 1951, ch. 90 was repealed by SLA 1962, ch. 114, § 10.102 when Alaska adopted the Uniform Commercial Code.

2. 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884 (1943).

3. See Koessler, "Assignment of Accounts Receivable", 33 Calif.L.Rev. 40 (1945); Koessler, "New Legislation Affecting Non-Notification Financing of Accounts Receivable", 44 Mich.L.Rev. 563, 593–594 (1946).

validating the assignment as to subsequent assignees or attachment creditors.

In the case before us the assignee, appellant Northern Commercial Co., filed notice of the assignment five days after the ten day period provided for in the statute. It was not until three months later that National Bank of Alaska became an attachment creditor. During all of the preceding three months it was a matter of public record that the assignment here in question had been made. National Bank of Alaska does not allege that it was misled in any way by the lateness of Northern Commercial's filing of notice.

We believe that the ten day relation back period provided for in the statute was intended for the protection of assignees not able, by reason of location or otherwise, to accomplish an immediate filing of notice of assignment. The late filing did not invalidate the filing as to the appellees under the circumstances of this case.[4]

The judgment below is reversed.

4. See the provision of the Michigan act quoted in In re George Stuart, Inc., 344 Mich. 34, 73 N.W.2d 293, 294–295 (1955) as follows:

"[S]uch assignment shall not be deemed to be so perfected unless at the time of the delivery thereof a notice of assignment is on file as provided in section 3 of this act, *or if not then on file, until such a notice of assignment is so filed.*" [Emphasis supplied.]